## A93A2247. WHITEHEAD v. THE STATE.
### (438 SE2d 128)

JOHNSON, Judge.

Roosevelt Whitehead, Jr., was tried and convicted of two counts of sale of cocaine. Having previously pled guilty to a charge of possession of cocaine with intent to distribute in 1988, Whitehead received two concurrent life sentences in prison pursuant to OCGA § 16-13-30 (d).

In his single enumeration of error asserted on appeal, Whitehead claims the trial court erred in denying his motion for new trial. He argues that he received ineffective assistance of counsel, not at trial, but in the advice he was given concerning an offered plea bargain. He asserts that the advice was grossly deficient and misleading, causing

him to reject the plea offer based on his understanding that a life sentence was not a possibility in his case. The plea negotiations which preceded trial were as follows: Trial counsel attempted unsuccessfully to persuade the State to merge these two new charges against Whitehead into time remaining on probation in the earlier case. The State then made an offer, placing a sentence of 12 years to serve "cap" in exchange for a guilty plea to the new charges. This offer was communicated to Whitehead and rejected. The issue is whether counsel's advice to Whitehead that a life sentence was a possibility and not a certainty in the event he was found guilty at trial constitutes ineffective assistance of counsel.

Whitehead relies on *Lloyd v. State*, 258 Ga. 645 (373 SE2d 1) (1988), for the proposition that a cognizable claim of ineffective assistance of counsel can arise in the plea bargain phase of a case rather than at trial. In *Lloyd*, counsel failed to communicate an offered plea bargain, the terms of which were more favorable than the results reached after trial. The Supreme Court concluded, "Objective professional standards dictate that a defendant, absent extenuating circumstances, is entitled to be told that an offer to plead guilty has been made *and to be advised of the consequences of the choices confronting him.* For counsel to do otherwise amounts to less than reasonably professional assistance." (Emphasis supplied.) Id. at 648 (2) (a). It is uncontroverted in our case that the offer of a guilty plea, with a 12 years to serve "cap," was presented to, and rejected by Whitehead. The evidence presented at the motion for new trial hearing with regard to the crucial issue, whether Whitehead was informed that he faced a mandatory life sentence, is conflicting. Whitehead testified at the hearing that counsel had told him he was not a candidate for a life sentence because the previous offense was committed before the mandatory life sentencing provisions of OCGA § 16-13-30 (d) had gone into effect.[1] Whitehead's trial attorney testified at the hearing that he was aware that a life sentence was a possibility, but that he was willing to argue both to the trial judge and on appeal, if necessary, that the application of the mandatory life sentence in Whitehead's situation constituted an ex post facto application of the enhanced sentencing provision, violating Whitehead's constitutional rights. Most salient, however, is that counsel testified that he had informed Whitehead that he was facing a life sentence if he went to trial and was found guilty. "I gave him no guarantees that he was not subject to the life imprisonment provisions. . . . I never gave him any

---

[1] This was incorrect. The sentence enhancement statute was enacted prior to Whitehead's 1988 conviction, it was amended, however, in 1990. The State points out that the ex post facto theory, while without merit, was not too farfetched given that an amendment repealing and replacing subsection (a) without a savings clause, was passed in 1990.

assurance that he was not covered by the life sentence statute."

From the advice given by counsel, Whitehead was informed that the consequences of refusing the State's offer of a maximum 12-year sentence could be harsher than the consequences of accepting it. He rejected certainty for the uncertainty of a jury trial. The trial court concluded that trial counsel had adequately informed Whitehead of the possible consequences of rejecting the State's proffered plea. "A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous. [Cit.] Here [Whitehead] must overcome the strong presumption that defense counsel's conduct falls within the broad range of reasonable professional conduct. [Cit.]" *Gilbert v. State*, 208 Ga. App. 258, 263 (4) (430 SE2d 391) (1993). While Whitehead may not have been made aware that a life sentence was mandatory because of confusion concerning whether the earlier conviction was entered before or after the date of the effective statute, he had been told that a life sentence was a possibility when he made the decision to reject the State's offer and go to trial. We find that counsel's evaluation of the case and advice to Whitehead fell within the range of professionally reasonable judgments. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); see *Cook v. State*, 255 Ga. 565, 581 (17) (f) (340 SE2d 843) (1986); *Henderson v. State*, 192 Ga. App. 750, 753 (2) (386 SE2d 408) (1989). Therefore, the trial court's finding that Whitehead was not denied effective assistance of counsel is not clearly erroneous, and will not be disturbed.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 8, 1993 —
RECONSIDERATION DENIED NOVEMBER 23, 1993 —

*John O. Cole*, for appellant.

*Willis B. Sparks III, District Attorney, R. Jeff Lasseter, Thomas J. Matthews, Assistant District Attorneys*, for appellee.