S99A0597. DANIELS v. THE STATE.
(517 SE2d 66)

SEARS, Justice.
Otis Daniels appeals from his guilty plea to charges which include murder and kidnapping with bodily injury. He claims that the trial court improperly sentenced him as a repeat offender under OCGA § 17-10-7, because his only prior conviction had been adjudicated under the First Offender Act, and had resulted in a probated sentence pursuant to OCGA § 42-8-60. However, a review of the record shows that before he was sentenced in this matter, Daniels's status as a first offender probationer had been revoked, and he had been adjudicated as a felon. Therefore, the trial court correctly sen-

tenced him as a repeat offender, and we affirm.

Pursuant to his guilty plea, Daniels admitted that he broke into the home where Valene McGourk lived with her daughter, Valerie. Both women were home at the time, and Daniels demanded money from them, assaulted them, and when they did not comply with his demands, shot them both. Valene McGourk died several weeks later as a result of Daniels's attack. Valerie McGourk suffered gunshot injuries to her face and neck, but survived.[1] Daniels was indicted on 22 criminal charges stemming from the attack, and he subsequently pled guilty to malice murder, kidnapping, armed robbery, aggravated battery, theft, and illegal firearm possession. The trial court, noting that Daniels had previously been adjudicated a felon on charges of armed robbery, sentenced him as a repeat offender to consecutive life sentences under the mandatory provisions of OCGA § 17-10-7 (b) (2).

Daniels claims that the trial court erred in sentencing him as a repeat offender, because his only prior felony conviction was entered on a guilty plea as a first offender, and had resulted in a probated sentence pursuant to OCGA § 42-8-60. Because a first offender's guilty plea does not constitute a "conviction" under the Criminal Code of Georgia,[2] Daniels argues that at the time he pled guilty in this matter, he had no prior convictions, and should not have been sentenced as a repeat offender.

Daniels's appeal from his guilty pleas in this case is cognizable only to the extent that the issues raised can be resolved by facts appearing in the record.[3] The record in this case plainly shows that Daniels's argument is meritless. It is true that in November 1995, Daniels pled guilty to charges of armed robbery, was granted first offender treatment, and was given a probated sentence of 20 years. However, roughly two months later, Daniels violated the terms of his first offender probation by receiving a stolen automobile, attempting to elude police officers, and obstructing police officers in the perfor-

---

[1] The crimes were committed on March 31, 1998, and Daniels was indicted on counts of malice and felony murder, armed robbery, burglary, kidnapping with bodily injury, aggravated battery, theft, as well as multiple counts of aggravated assault and illegal firearm possession. On November 3, 1998, Daniels pled guilty to the following charges and was sentenced as indicated: (1) malice murder, life imprisonment; (2) kidnapping with bodily injury, life imprisonment, to be served consecutively; (3) armed robbery, life imprisonment, to be served consecutively; (4) possession of a firearm by a convicted felon, fifteen years, to be served consecutively; (5) possession of a firearm by a person under the age of eighteen, fifteen years, to be served consecutively; (6) theft by receiving, ten years, to be served concurrently; and (7) aggravated battery, twenty years, to be served concurrently. A notice of appeal was filed on November 4, 1998, and amended on November 11, 1998, and December 3, 1998. The appeal was docketed in this Court on January 21, 1999, and submitted for decision without oral argument on March 15, 1999.

[2] *Davis v. State*, 269 Ga. 276, 277 (496 SE2d 699) (1998).

[3] *Smith v. State*, 269 Ga. 21, 22 (494 SE2d 668) (1998).

mance of their duty. Thereafter, in April 1996, Daniels's first offender probationary status was revoked, he was adjudicated guilty on the armed robbery charge,[4] and ordered to serve two of his twenty-year sentence for armed robbery, with the remainder of the sentence to be probated.

Thus, due to his earlier violation of the terms of his first offender probation, Daniels was a convicted felon at the time he was sentenced by the trial court for his deadly attack on the McGourks, and the trial court did not err by treating him as a repeat offender and entering the maximum sentences available for the crimes to which he pled guilty.[5]

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 1, 1999.

*Brimberry, Kaplan & Brimberry, John P. Cannon,* for appellant.
*Kenneth B. Hodges III, District Attorney, Kenneth A. Dasher, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Frank A. Ilardi, Assistant Attorney General,* for appellee.

---

[4] See OCGA § 48-2-60 (b).

[5] For this same reason, we also reject Daniels's claims (1) that he could not have pled guilty to being a felon in possession of a firearm, when his earlier conviction had been disposed of under the First Offender Act, and (2) that OCGA § 16-11-133, which concerns sentencing for adjudicated felons convicted of firearms offenses, should not have been applied to him.