A99A1369. SAMS v. THE STATE.
(521 SE2d 848)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and convicted of driving a motor vehicle after having been declared an habitual violator and receiving notice that his driver's license had been revoked as an habitual violator in violation of OCGA § 40-5-58 (c) (1). The evidence which authorized this conviction, construed so as to uphold the jury's verdict (*Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646)), reveals the following:

At about 6:15 in the morning on December 22, 1996, Cobb County Police Officer Michael Rosine was dispatched to investigate a reported car collision at a mobile home park. The officer found defendant's car abandoned on the side of the road. The driver had apparently left the car after colliding with a nearby stop sign. No key was in the car's ignition, but the vehicle was directed toward defendant's nearby mobile home — which was a block and a half away. Officer Rosine had defendant's car impounded and then went to defendant's home and "let the people inside the trailer know that if [defendant] wanted his vehicle, he would need to contact the Cobb County Police Department."

Later, at 7:30 that morning, defendant appeared at the Cobb County Police Department asking about his car. Officer Rosine met defendant and "advised him it had been involved in a hit and run accident." While Officer Rosine was speaking to defendant, he

noticed that defendant "had a very strong odor of an alcoholic beverage[; that his] eyes were bloodshot, [and that] he appeared unsteady on his feet." The officer then asked defendant where he had been the previous night, and defendant responded, "Runaround Sue's" — a bar located in Kennesaw. Defendant told the officer that "he had his vehicle with him at Runaround Sue's." Officer Rosine asked defendant if he drove home from the bar, but defendant explained "that he didn't remember if he drove it home, that he blacked out." Defendant said "that he had been drinking a lot the night before." Officer Rosine then asked defendant if he had his car key and defendant responded, "of course I do, and he pulled them out of his pocket and showed them to [the officer]." At that point, Officer Rosine informed defendant that he was going to cite him for leaving the scene of an accident, but then learned that defendant's driver's license had been suspended, and Officer Rosine placed defendant under arrest.

This appeal followed the denial of defendant's motion for a new trial. *Held*:

1. Defendant challenges the sufficiency of the evidence, arguing that the circumstantial evidence of his guilt was insufficient to exclude his own hypothesis that another person wrecked his car.

> In order to sustain the judgment of conviction, the evidence need not exclude *every* inference or hypothesis except the guilt of the accused, but only *reasonable* inferences and hypotheses, so as to justify the inference, beyond a reasonable doubt, of guilt. It [is] the duty of the [jury], as the trier of fact, to determine if there was sufficient evidence, direct or circumstantial, to require a judgment of guilty. See *Townsend v. State*, 127 Ga. App. 797 (2) (195 SE2d 474) and cits.

*Goode v. State*, 130 Ga. App. 791 (2), 792 (204 SE2d 526). In the case sub judice, the jury was authorized in rejecting defendant's explanation of his innocence — i.e., that an unidentified person wrecked his car. Defendant's admissions that he was at a bar with his car, in a state of extreme intoxication and too drunk to remember how he got home during the evening before his arrest, and proof that defendant's car was wrecked within a block and a half of his home; that defendant had possession of his car keys shortly after this collision, and that defendant's driver's license had been revoked based on his status as an habitual violator at the time of the collision are sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt of driving a motor vehicle after having been declared an habitual violator and receiving notice that his driver's license had been revoked as an habitual violator in violation of OCGA § 40-5-58 (c) (1). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560);

*Parker v. State*, 170 Ga. App. 333, 334 (3) (317 SE2d 209).

2. Defendant contends the trial court erred by admitting statements he made to Officer Rosine before he was read his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694).

A suspect is not entitled to warnings under *Miranda v. Arizona*, 384 U. S. 436, supra, unless that suspect has been taken into police custody or has been deprived of freedom of action in another significant way. *Carroll v. State*, 208 Ga. App. 316, 317 (2) (430 SE2d 649). A trial court's findings as to whether a suspect was unlawfully questioned while in police custody, without being advised of his *Miranda* rights, will be upheld on appeal unless clearly erroneous. *Brown v. State*, 262 Ga. 833, 834-835 (6) (426 SE2d 559). At a hearing conducted pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908), the trial court in the case sub judice found that defendant was not in police custody when he responded to Officer Rosine's questioning at the Cobb County Police Department. The evidence which supported this finding was Officer Rosine's testimony that he did not coerce defendant into coming to the police station; that defendant was free to leave during questioning and that, although defendant was questioned while behind closed doors, defendant was neither physically restrained nor unable to leave the interview room. This evidence supports the trial court's findings that defendant's statements were freely and voluntarily made, under noncustodial circumstances. See *Mullis v. State*, 248 Ga. 338, 340 (9) (282 SE2d 334); *Hendrix v. State*, 230 Ga. App. 604 (1), 605-606 (497 SE2d 236).

3. Defendant contends the trial court erred in failing to strike Officer Rosine's opinion testimony regarding why he believed defendant wrecked his car while en route home from "Runaround Sue's." Citing *Maxwell v. State*, 262 Ga. 73, 76 (5) (414 SE2d 470), overruled on other grounds, *Wall v. State*, 269 Ga. 506, 507 (2), 509 (500 SE2d 904), defendant argues that this testimony should not have been permitted because it went to the ultimate issue of fact for the jury.

While we agree that Officer Rosine's opinion testimony invaded the jury's province as to an ultimate issue of fact in violation of the rule enunciated in *Maxwell v. State*, 262 Ga. at 76 (5), supra, we find no reversible error because the trial transcript reveals that defense counsel induced this error by asking Officer Rosine on cross-examination whether there is "any other link to [defendant] that you could place him in the vehicle other than a statement. . . ?" "Induced error cannot be complained of on appeal. [Cit.]" *Chambley v. State*, 177 Ga. App. 630 (1) (340 SE2d 635).

4. Defendant contends the trial court erred in not requiring Officer Rosine to elaborate on whether defendant's memory lapse would authorize a conclusion that someone else wrecked defendant's car. Defendant argues that defense counsel should have been permit-

ted to inquire into theories that challenged the officer's own stated opinion.

The trial court determined that defense counsel's question to Officer Rosine during cross-examination — "And it could mean that somebody had driven him home" — was inappropriate because it called for speculation. This reasoning reflects an appropriate basis for the trial court's discretion in limiting the scope of defendant's cross-examination. See *Dick v. State*, 246 Ga. 697, 706 (16) (273 SE2d 124). Finding no abuse of discretion, we affirm the trial court's judgment.

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 27, 1999.

*Roderick H. Martin, Russell J. Parker, Jr.*, for appellant.
*Patrick H. Head, District Attorney, Debra H. Bernes, Joel C. Pugh, Nancy I. Jordan, Assistant District Attorneys*, for appellee.