## A02A0777. YONCE v. THE STATE.
### (560 SE2d 329)

PHIPPS, Judge.

Bennie Rae Yonce appeals his peeping Tom conviction. He challenges the sufficiency of the evidence, the trial court's refusal to declare a mistrial, and the court's polling of the jury. Finding no basis for reversal, we affirm.

The arresting officer testified that he was on foot patrol at an apartment complex at about 2:00 a.m. on June 10, 2000, when he observed Yonce attempting to peer into the windows of a fully illuminated apartment unit. The officer explained that the apartment had three windows, each with a set of shut blinds. According to the officer, Yonce crouched down and looked between one set of blinds and a window while rocking back and forth in an almost comic fashion and then crept to the next windows and did the same thing. Yonce's defense was that he was at the apartment complex to aid a troubled young woman whom he had met at a restaurant and was not engaging in any peeping Tom activities. However, the female occupant of the apartment unit into which he had peered or attempted to peer testified that she was alarmed as a result of this incident and had never before seen Yonce.

1. Yonce contends that the trial court erred in refusing to declare a mistrial when the arresting officer made an impermissible comment on his post-arrest silence.

On cross-examination, defense counsel sought to elicit testimony from the officer showing that he had been unable to ascertain Yonce's purpose in being at the apartment complex. The officer responded that he had taken Yonce back to the police station so that he could explain what he had been doing at the apartments, but Yonce had declined to make any statements. Defense counsel thereupon moved for a mistrial. The trial court refused to declare a mistrial but gave curative instructions to the jury. We find no abuse of discretion,[1] particularly in view of the fact that the objectionable testimony was elicited by defense counsel in his examination of the witness. " 'Induced error cannot be complained of on appeal. (Cit.)' [Cit.]"[2]

2. Yonce challenges the sufficiency of the evidence to support the verdict because no one was able to testify that he could see through the apartment windows.

We cannot agree with Yonce's characterization of the evidence, as the arresting officer testified that he saw Yonce "going to each and every window . . . , looking between the blinds and the window." Yonce's claim that the victim testified that she did not know whether

---

[1] See generally *Frazier v. State*, 249 Ga. App. 463, 465 (4) (549 SE2d 133) (2001).

[2] *Sams v. State*, 239 Ga. App. 715, 717 (3) (521 SE2d 848) (1999).

Yonce could have seen through the blinds is not supported by the page of the transcript to which he refers. Moreover, it has been held that under the peeping Tom statute (OCGA § 16-11-61), "the State is not required to show that a person is actually spied upon, the gravamen of the offense being that the spying took place regardless of whether the attempt to invade the privacy of another was successful. [Cits.]"[3] The evidence supports Yonce's conviction.

3. Yonce contends that when he requested that the individual jurors be polled on their guilty verdict, the trial court failed to properly poll them.

Yonce's complaint is that the trial court merely asked the jurors whether the guilty verdict was their verdict in the jury room and whether it continued to be their verdict, without inquiring whether each juror had reached the verdict freely and voluntarily. We find no error, as "[t]he foregoing questions meet the minimum requirements of the defendant's right to a poll of the jurors[,]"[4] and, when asked by the trial court whether he was content with the poll of the jury, defense counsel responded affirmatively. A litigant cannot submit to or acquiesce in a ruling of the trial court and then complain on appeal.[5]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 14, 2002.

*Sexton & Morris, Lee Sexton, Joseph S. Key*, for appellant.
*William T. McBroom III, District Attorney, Thomas J. Ison, Jr., Damon L. Sanderson, Assistant District Attorneys*, for appellee.

---

[3] *McBride v. State*, 196 Ga. App. 398, 399 (1) (396 SE2d 78) (1990).

[4] *Burnett v. State*, 240 Ga. 681, 689 (11) (242 SE2d 79) (1978); see *Hudson v. State*, 237 Ga. 241 (3) (227 SE2d 257) (1976) (not error to refuse to ask each juror whether verdict was voluntarily agreed upon).

[5] *Sanders v. State*, 181 Ga. App. 117, 120 (2) (351 SE2d 666) (1986).