## A02A2042. ROBINSON v. THE STATE.
(578 SE2d 214)

Mikell, Judge.

Kerry Robinson was convicted of rape by a Colquitt County jury and was sentenced to 20 years to serve. Robinson was tried with co-defendant Sedrick Moore, who was convicted of rape, armed robbery, burglary, and three counts of possession of a firearm during the commission of a crime. On appeal, Robinson argues that the trial court erred by denying his motion to sever and his motion for directed verdict of acquittal. Robinson also challenges the sufficiency of the evidence. We affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and an appellant no longer enjoys the presumption of innocence. This court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*[1] and does not weigh the evidence or determine witness credibility. Conflicts in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [s]tate's case, we must uphold the jury's verdict.[2]

The victim testified that on the evening of February 15, 1993, three young men knocked on her door and asked her if she knew where a certain woman lived. She told them that she did not know the person and closed the door. The victim testified that she could not see the young men's faces but recalled that two of them wore hooded gray sweatshirts and the other, a plaid jacket.

Thirty minutes later, the young men broke into her house. The first man had a gun and threatened to shoot her if she tried to escape through her back door. The men demanded money. After she com-

[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] (Footnotes omitted.) *Roberts v. State*, 242 Ga. App. 621 (530 SE2d 535) (2000).

plied, she was raped by all three men and forced to perform oral sex by the second man.

The victim testified that as she was raped by the third man, she saw the first man's face because his hood fell from his head. She was able to identify the first man as Tyrone White. Before leaving, White told her that they would come back if she told anyone what happened. She did not see the faces of the other two men.

The victim called her boyfriend's mother, who called the police. After talking to the police, the victim went to the hospital and submitted to a pelvic examination, during which evidence was gathered that linked all three men to the crimes. White was apprehended, and he gave a statement implicating Moore and Robinson.

White testified that he was involved in the incident; that he had already pled guilty to the charges that were pending against Moore and Robinson; and that he had a prior aggravated assault conviction. He testified that he, Moore, and Robinson kicked in the victim's door and that Moore held the gun on her. White was wearing a lumberjack shirt and Moore and Robinson wore hooded sweatshirts. Moore raped the victim first, then Robinson, then White. White admitted on cross-examination that in his initial statement to police in 1993, he denied raping the victim; that he lied in the statement he gave when he entered his plea in July 2000; and that he negotiated a deal with the district attorney to dismiss some unrelated charges in exchange for his testimony against Moore and Robinson.

Brad Pearson, a forensic scientist employed by the Georgia Bureau of Investigation, also testified on behalf of the state. Pearson testified that the evidence he tested included swabs from a sexual assault evidence collection kit and blood samples from White, Moore, Robinson, and the victim. According to Pearson, all cells in the body have the same DNA so that a person's sperm would have the same DNA as that person's blood. Pearson testified that he determined that of the 13 alleles examined on the DNA strain from the kit, White's DNA was present on 11 of the strains. The other alleles matched Moore's and Robinson's DNA.

On cross-examination, Pearson clarified that because there were fewer matches with Moore and Robinson, they, along with 500 to 1,000 others, could not be excluded as potential donors. However, on redirect, he explained that the probability that White could identify two other individuals from the community whose alleles would match those in the sample was "very, very low."

1. In his first enumerated error, Robinson argues that the trial court erred by denying his motion to sever his trial from Moore's. Robinson claims that he was prejudiced by the fact that Moore was charged with seven other counts and by the introduction of evidence

that Moore fled the state after the incident and was positively identified by a witness. We disagree.

> When the death penalty is not sought, the severance of defendants' trials is within the sound discretion of the trial court and its decision will not be disturbed unless there is an abuse of that discretion. OCGA § 17-8-4. The burden is on the defendant moving for severance to demonstrate more than the possibility that a separate trial would provide him with a better chance of acquittal; he must establish a clear showing of prejudice. *Cain v. State*, 235 Ga. 128 (218 SE2d 856) (1975).[3]

In exercising its discretion, the trial court must consider three factors:

> (1) whether the number of defendants creates confusion as to the law and evidence to be applied to each; (2) whether a danger exists that evidence admissible against one defendant might be considered against the other notwithstanding instructions to the contrary; and (3) whether the defenses are antagonistic to each other or each other's rights.[4]

The fact that Moore was charged with several other crimes is irrelevant. "When two or more defendants are charged with identical crimes or with different offenses which are part of a common scheme or plan, they may be jointly tried in the discretion of the trial court provided such a trial does not hinder a fair determination of each defendant's guilt or innocence."[5] Robinson has not shown that the failure to sever the cases precluded a fair determination of his guilt or innocence.

The court charged the jury that Robinson was only charged with rape. The witness who testified about Moore's flight expressly stated that his testimony did not "have anything to do with Kerry here. Only Mr. Moore." Similarly, the witness who identified Moore from a photo lineup made no references whatsoever to Robinson. Thus, Robinson has failed to make a clear showing of prejudice. Furthermore, the trial court did not abuse its discretion as there was no evidence of potential juror confusion about the law or evidence, the evidence introduced against Moore referred to Moore only, and the defendants' defenses were not antagonistic to each other.[6]

---

[3] *Dixon v. State*, 268 Ga. 81, 83 (2) (485 SE2d 480) (1997).

[4] (Citation omitted.) *London v. State*, 247 Ga. App. 618, 620 (1) (544 SE2d 525) (2001).

[5] (Citation omitted.) *Ledbetter v. State*, 202 Ga. App. 524, 525 (2) (414 SE2d 737) (1992).

[6] See *London*, supra.

2. In his second and third enumerated errors, Robinson challenges the sufficiency of the evidence and the denial of his motion for directed verdict of acquittal, arguing that the victim could not identify him, that White's testimony was not credible, that White's identification of Robinson was not corroborated by independent evidence, and that the DNA evidence did not establish his guilt.

As stated earlier, we do not weigh the evidence or the credibility of the witnesses, and we must uphold the jury verdict if there is some competent, even if contradicted, evidence to support it.[7] The arguments about the DNA evidence go to its weight, and on appeal, we will not disturb the jury's determination thereof.[8] While Robinson is correct that the testimony of an accomplice must be corroborated by independent evidence,[9] the sufficiency of that corroboration is a jury question.[10] Accordingly, under the standard set forth in *Jackson v. Virginia*,[11] which is the appropriate standard of review for both enumerated errors,[12] the evidence introduced at trial, in its totality, was sufficient to enable any rational trier of fact to find Robinson guilty of rape beyond a reasonable doubt.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 11, 2003.

*James E. Jarvis, Jr.*, for appellant.

*J. David Miller, District Attorney, Andrew W. Pope, Assistant District Attorney*, for appellee.

---

[7] *Roberts*, supra.
[8] *Herring v. State*, 252 Ga. App. 4, 6 (1) (555 SE2d 233) (2001).
[9] See OCGA § 24-4-8; *Milton v. State*, 248 Ga. 192, 196 (2) (282 SE2d 90) (1981), *Biegun v. State*, 206 Ga. 618, 628 (9) (58 SE2d 149) (1950).
[10] *Biegun*, supra.
[11] Supra.
[12] *Jackson v. State*, 236 Ga. App. 260-261 (511 SE2d 615) (1999).