## A03A0651. BETTERSON v. THE STATE.
(581 SE2d 331)

MILLER, Judge.

Convicted of armed robbery, possession of a firearm during commission of a crime, and theft by receiving, Travis Betterson appeals. He contends that the court erred in failing to sever his trial from that of his co-defendant and in twice denying his motion for mistrial. We affirm.

The evidence showed that a truck driver noticed a Cadillac with two or three occupants pull up near his vehicle at a truck stop. The Cadillac had been reported stolen several days earlier. An occupant from the Cadillac approached the truck driver and robbed him at gunpoint. The truck driver later identified Betterson's co-defendant as the man who robbed him. During the robbery, the victim noticed that the Cadillac had pulled in front of his truck, but he did not see the driver. After the incident was reported to police, an officer spotted the Cadillac and began pursuit. During the chase, the Cadillac crashed into a power pole. The officer testified that he observed two people exit the vehicle through the driver's side window (the driver and a passenger who climbed from the back seat to the front seat). No other person was in the vehicle. A short time thereafter, Betterson and his co-defendant were found hiding in a ditch several yards away. Inside the Cadillac, police found two guns.

1. Betterson argues that the court erred in denying his motion to sever his trial from that of his co-defendant.

In ruling on a motion to sever, a trial court should consider whether the number of defendants will create confusion of the evidence and the law applicable to each individual defendant, whether there is a danger that evidence admissible against one defendant will be considered against another despite the cautionary instructions of the court, and whether the defenses of the defendants are antagonistic to each other or each other's rights. Moreover, the defendant requesting a severance has the burden of making a clear

showing of prejudice and a denial of due process in the absence of severance.

(Punctuation and footnotes omitted.) *Butler v. State*, 270 Ga. 441, 446 (4) (511 SE2d 180) (1999).

Betterson did not show prejudice nor that he had been denied due process in being tried with his co-defendant. He did not meet his burden of showing how having one co-defendant created confusion of the evidence presented at trial and the applicable law. Betterson has also failed to point to evidence admissible against his co-defendant that could be improperly considered against him.

We fail to see how Betterson's defense was antagonistic to that of his co-defendant. Neither Betterson nor his co-defendant testified, and neither presented evidence. Betterson's defense as presented by his counsel during opening statements was that he was asleep in the back seat of the Cadillac while the alleged robbery was taking place, that he did not possess a weapon, and that he had no involvement in the theft of the vehicle. Betterson and his co-defendant implicated a third person in the crimes during opening statements. Thus, their defenses were not antagonistic. See *Williams v. State*, 253 Ga. App. 458, 461 (2) (559 SE2d 516) (2002); see also *Bryant v. State*, 270 Ga. 266, 270 (2) (507 SE2d 451) (1998). Accordingly, we conclude that the trial court did not err in denying the motion to sever.

2. Betterson also enumerates as error the trial court's denial of his motion for mistrial on two separate occasions. When reviewing the denial of a motion for mistrial, this Court applies an abuse of discretion standard. *Whitehead v. State*, 258 Ga. App. 271, 275 (2) (574 SE2d 351) (2002).

(a) After opening statements, the co-defendant's counsel moved for a mistrial on the ground that Betterson's counsel implicated the co-defendant during his opening to the jury. On appeal Betterson argues that the court erred in denying this motion for mistrial. Even assuming that Betterson properly preserved this issue, he cannot complain that his own counsel's opening statement was a ground for mistrial. Any alleged error was induced by counsel's own actions and cannot be complained of on appeal. See *Roberts v. State*, 257 Ga. App. 296, 301 (5) (570 SE2d 708) (2002); *Yonce v. State*, 253 Ga. App. 748 (1) (560 SE2d 329) (2002).

(b) Betterson argues that the court erred in denying his motion for mistrial that he made after the court charged the jury. At the close of the evidence, while explaining the verdict form to the jurors, the court stated, "[T]here are two choices: the top choice is not guilty, the second choice is guilty. It's very simple, all you have to do is check off the verdict that applies in each case. The point, again, is to remember to consider each defendant guilty." Both Betterson and his

co-defendant brought the statement to the court's attention. The court then instructed the jury that its statement — "to consider each defendant guilty" — was a slip of the tongue and that the jury should "consider each of the defendants separately and return verdicts of guilty or not guilty as [they] determine the evidence requires. . . ."

Generally, "a mere verbal inaccuracy in a charge, which results from a palpable slip of the tongue, and clearly could not have misled or confused the jury is not reversible error." (Punctuation and footnote omitted.) *Brown v. State*, 251 Ga. App. 343, 344 (1) (554 SE2d 321) (2001). Not only did the court give a curative instruction on the error, the court previously instructed the jury that a criminal defendant is presumed innocent until proven guilty, that the burden is on the State to prove the defendants' guilt, and that the jury must determine the guilt or innocence of each defendant separately. As the misstatement could not have misled or confused the jury, the trial court did not abuse its discretion in denying Betterson's motion for mistrial. See id.; *Green v. State*, 249 Ga. App. 546, 552 (2) (547 SE2d 569) (2001); *Mitchell v. State*, 242 Ga. App. 694, 697 (5) (531 SE2d 143) (2000).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED MARCH 19, 2003 —
RECONSIDERATION DENIED APRIL 10, 2003.

*Calhoun, Cerbone & Sapp, William S. Lewis*, for appellant.
*Spencer Lawton, Jr., District Attorney, Jon Hope, Assistant District Attorney*, for appellee.