## A03A1158. SUTTON v. THE STATE.
(587 SE2d 379)

RUFFIN, Presiding Judge.

A jury found Darren Lavon Sutton and his co-defendant, Travis Betterson, guilty of armed robbery, possession of a firearm during the commission of a felony, and theft by receiving a motor vehicle.[1] On appeal, Sutton argues that he is entitled to a new trial because the trial court misinformed him about the sentencing possibilities before trial began, impacting his decision to reject the State's plea offer. Sutton also claims that the trial court should have severed his trial from the trial of his co-defendant and should have granted a mistrial following an error in the jury instructions. For reasons that follow, we affirm.

Viewed in the light most favorable to the jury's verdict,[2] the evi-

---

[1] Betterson has already appealed his conviction, which we affirmed. See *Betterson v. State*, 260 Ga. App. 812 (581 SE2d 331) (2003).

[2] See *McCollum v. State*, 257 Ga. App. 330, 331 (571 SE2d 405) (2002).

dence shows that in the early morning of July 24, 2000, Allen Griffin was at a gas station, preparing his truck for a trip to Florida. As Griffin checked his truck, he noticed a Cadillac arrive with two or three people inside. A man got out of the Cadillac and asked Griffin for directions to the rest room, and Griffin responded. A few moments later, another man ran toward Griffin with a gun and ordered him, at gunpoint, to empty his pockets onto the ground. Griffin saw the Cadillac move in front of his truck as the gunman picked up his possessions. Although Griffin did not see the gunman get into the Cadillac, the car drove away shortly after the gunman fled.

Griffin immediately reported the robbery and described the Cadillac to the police. Soon thereafter, an officer spotted a vehicle matching Griffin's description. A chase ensued, ending when the Cadillac crashed. The officer then saw two men climb out of the car and run into the woods. When police searched the woods, they found Sutton and Betterson lying on the ground.

An officer brought Griffin to the scene of the wreck, where he identified Sutton as the man who robbed him. A search of the Cadillac produced three guns, as well as items belonging to Griffin. The police subsequently discovered that the Cadillac had been reported stolen a few days earlier.

1. Sutton argues that he is entitled to a new trial because a comment made by the trial judge allegedly "interfered with the attorney/client relationship between [Sutton] and [his] trial counsel," influencing his decision to decline a plea bargain offered by the State. We disagree.

The record shows that, in March 2000, Sutton pled guilty to theft by receiving stolen property and obstructing an officer. The court sentenced him to probation under the First Offender Act.[3] Prior to trial in this case, the court revoked Sutton's probation and adjudicated him guilty of those charges, sentencing him to five years in prison.

Shortly before this trial began, defense counsel placed Sutton on the stand to question him regarding the State's plea offer. Defense counsel informed him on the record that the minimum prison sentence for armed robbery is ten years, while the maximum prison sentence is life.[4] Counsel then prepared to tell Sutton that, because he had been indicted as a recidivist, the judge would be required to sentence him to the maximum — life imprisonment. At that point, however, the prosecutor interrupted, expressing doubt as to whether a life sentence would be mandatory since Sutton was a "first offender probationer," rather than a convicted felon, at the time Griffin was

---

[3] OCGA § 42-8-60 et seq.
[4] See OCGA § 16-8-41 (b).

robbed. The trial court interjected that "[t]he range of punishment [for armed robbery] is 10-20 [years in prison] or life." Sutton later rejected the plea bargain. After the jury found him guilty, the court resolved the earlier confusion and properly sentenced him to life in prison pursuant to OCGA § 17-10-7 (a).[5]

We find no reversible error. Although the trial court did not inform Sutton that he would receive a mandatory life sentence if convicted, it clearly stated that life imprisonment was possible. We addressed a similar situation in *Whitehead v. State*,[6] in which we held that defense counsel does not provide ineffective assistance when, because of confusion about the applicable law, counsel tells the defendant that a statutorily mandated life sentence is a possibility, but not a certainty. We noted that such advice alerts the defendant that "the consequences of refusing the State's [plea] offer . . . could be harsher than the consequences of accepting it."[7]

While Sutton claims that the trial court, not his attorney, misled him, the *Whitehead* reasoning still applies. Because Sutton knew that he could receive a life sentence, he was sufficiently apprised of the risks of going to trial.[8] Accordingly, Sutton is not entitled to a new trial on this basis.

2. Sutton also argues that the trial court erred in denying his motion for severance and his corresponding motion for mistrial. The decision whether to grant a defendant's motion for severance is within the sound discretion of the trial court.[9] When reviewing a severance motion, the court must consider three factors:

> (1) whether the number of defendants creates confusion as to the law and evidence to be applied to each; (2) whether a danger exists that evidence admissible against one defendant might be considered against the other notwithstanding instructions to the contrary; and (3) whether the defenses are antagonistic to each other or each other's rights.[10]

Sutton does not claim that the number of defendants created confusion here or that the evidence admissible against one might

---

[5] Sentencing is the critical moment for determining whether a defendant is a convicted felon for purposes of recidivist treatment. See *Daniels v. State*, 271 Ga. 167, 168-169 (517 SE2d 66) (1999). By the time he was sentenced in this case, Sutton had been adjudicated guilty of the prior charges. Thus, the trial court correctly sentenced him as a recidivist. See id.

[6] 211 Ga. App. 121, 122-123 (438 SE2d 128) (1993).

[7] See id. at 123.

[8] See id.

[9] See *Robinson v. State*, 259 Ga. App. 555, 557 (1) (578 SE2d 214) (2003).

[10] Id.

have been considered against the other. Instead, he argues that he and his co-defendant presented antagonistic defenses.

We fail to see any antagonism. The fact that neither Sutton nor his co-defendant testified or presented any evidence undermines Sutton's claim that the joint trial impacted his defense.[11] Furthermore, in cross-examining the State's witnesses, attorneys for both defendants raised the possibility of a third person in the Cadillac and tried to discredit the evidence against their own client. Sutton argues that comments by Betterson's attorney during opening statements conflicted with his defense.[12] But, as the judge correctly instructed the jury, such statements by attorneys are not evidence.[13]

Even assuming that the defenses were somehow antagonistic, that fact alone does not require severance of the trials.[14] The defendant requesting severance must clearly show prejudice resulting in a denial of due process.[15] In this case, Griffin positively identified Sutton as the robber both before and during trial. And Betterson presented no evidence adverse to Sutton. Under these circumstances, we find no substantial likelihood that the joint trial prejudiced Sutton.[16] It follows that the trial court did not err in denying the motion to sever or the corresponding motion for mistrial.

3. In his final enumeration of error, Sutton argues that the trial judge erred in refusing to grant a mistrial following a misstatement in the jury instructions. Again, we disagree.

During the jury charge, the trial court instructed jurors on the verdict forms, stating as follows:

> [T]here's a separate form for each of the two defendants. . . . [O]n each of [the] three counts, . . . there are two choices: the top choice is not guilty, the second choice is guilty. It's very simple, all you have to do is check off the verdict that applies in each case. The point, again, is to *remember to consider each defendant guilty*.[17]

After defense counsel made the trial court aware of the error, the judge called the jury back, explaining that he misspoke when he said "to find the defendants guilty." He further stated that the jurors' job

---

[11] See *Bryant v. State*, 270 Ga. 266, 269-270 (2) (507 SE2d 451) (1998) (defenses not antagonistic where co-defendants do not present evidence at trial).

[12] Betterson's counsel asserted that Betterson was asleep in the back of the car at the time of the robbery, did not possess a weapon, and had no involvement in the vehicle theft.

[13] See *Hazelrigs v. State*, 255 Ga. App. 784, 785 (1) (567 SE2d 79) (2002).

[14] See *Betterson*, supra at 812-813 (1); *Robinson*, supra.

[15] See *Betterson*, supra at 813.

[16] See *Stephens v. State*, 170 Ga. App. 267, 268 (1) (316 SE2d 847) (1984).

[17] (Emphasis supplied.)

was "to consider each of the defendants separately and return verdicts of guilty or not guilty as [they] determine[d] the evidence require[d]."

While it is error for a judge to express his opinion as to the guilt of the accused,[18] "[a] mere verbal inaccuracy in a charge, which results from a palpable slip of the tongue, and clearly could not have misled or confused the jury, is not reversible error."[19] Moreover,

> [w]here a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence.[20]

Following the error, the trial court gave a curative instruction. The judge also instructed jurors before the error that they had the option of choosing guilty or not guilty for each defendant on each charge. And he explained that "[i]f, after giving careful consideration to all the facts and circumstances of this case [their] minds [were] wavering, unsettled or unsatisfied, then . . . [they] should acquit the defendant." Finally, the trial judge emphasized during the charge that he did not intend, through any of his rulings or comments, to express an opinion regarding the case or the defendants' guilt or innocence. After reviewing the charge as a whole, we are satisfied that the jury could not have been confused or misled by the trial court's slip of the tongue.[21]

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED SEPTEMBER 12, 2003.

*Donald B. Lowe III*, for appellant.

*Spencer Lawton, Jr., District Attorney, Jon Hope, Assistant District Attorney*, for appellee.

---

[18] See OCGA § 17-8-57.

[19] (Punctuation omitted.) *Payne v. State*, 248 Ga. App. 158, 161 (3) (b) (545 SE2d 336) (2001).

[20] (Punctuation omitted.) Id.

[21] See id.