### A05A0783. MANN v. THE STATE.
(616 SE2d 121)

ADAMS, Judge.

Anstaniel Jarvis Mann was convicted of armed robbery, kidnapping with bodily injury, aggravated assault, burglary, and theft by taking. On appeal he contends he received ineffective assistance of counsel when trial counsel misinformed him about the mandatory life sentence without parole that he would receive as a four-time recidivist if he were convicted after trial.

Construed in favor of the verdict the evidence shows that Mann violently attacked the victim with a brick in the victim's yard, bound the victim's hands, forced the victim at knife point to unlock his house, then forced the victim into the house and tied him up. Mann took money, a radio, and boots and left in the victim's car. Mann was found in the victim's car wearing the victim's boots, and the victim identified Mann at trial as the perpetrator.

Prior to trial, the prosecutor, at defense counsel's request, explained on the record that he had offered a plea bargain to Mann through his counsel:

Mr. Phillips has asked that I place on the record the following; that the State in this case has provided to Mr. Phillips,

aggravation of sentencing in this case. Mr. Mann has three prior felony convictions in Upson County. . . . I have made an offer to Mr. Phillips that I would not introduce those into evidence and let Mr. Mann plead to a life sentence or 30 years, his choice. And that was the offer to Mr. Mann.

The prosecutor then itemized the sentence for each alleged crime and reiterated his plea offer to the court and all present:

If Mr. Mann were convicted by this jury — I am not saying that he would be — but if he were convicted by this jury of each offense with this being his fourth felony, it is my understanding of the law . . . that Mr. Mann is looking at the possibility of serving life without the possibility of parole should he be convicted. I wanted to place that on the record. Mr. Phillips ask[ed] me to place that on the record that I did offer him the choice of pleading to either a life sentence without introducing this evidence or a thirty-year sentence.

Mann's counsel then added that he relayed this offer to his client and explained "all the possibilities of his sentencing and the repercussions plus and minus both ways," but that Mann denied the offer. Then, in response to a request from the court, Mann clearly stated that he still rejected the plea offer.

Mann claims that he was never told that life without the possibility of parole was the mandated sentence if he were convicted. He argues that the prosecutor's statement that he was "looking *at the possibility* of serving life without the possibility of parole should he be convicted" was a misstatement of the law and that it failed to adequately explain the benefits of accepting the plea offer versus the risks of proceeding to trial.

At the hearing on Mann's motion for new trial three years later, Phillips testified that he did not recall counseling Mann about the effect that three prior convictions would have on sentencing but that he was sure that he did. He later testified that he explained to Mann the possible consequences of a guilty verdict and what three prior felonies would mean. He also explained that he asked the prosecutor to put the entire matter on the record "to make sure that there wasn't any question later."

Mann testified that he never understood that the court had no choice but to sentence him to life imprisonment without the possibility of parole once he was convicted and that if he had understood that, he would have accepted the plea offer. The trial court denied Mann's motion for new trial.

Mann must show that his attorney's performance was deficient and that the deficiency so prejudiced him that there is a reasonable likelihood that, but for counsel's errors, the outcome of his trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). He must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. *Sims v. State*, 278 Ga. 587, 589-590 (3) (604 SE2d 799) (2004). Upon review of a trial court's ruling on the effectiveness of trial counsel "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Footnote omitted.) *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000).

In this case, trial counsel testified that he explained to Mann the possible consequences of a guilty verdict and what three prior felonies would mean. From this, the court was authorized to conclude that Mann was fully informed. In *Whitehead v. State*, 211 Ga. App. 121 (438 SE2d 128) (1993), this Court faced an almost identical issue. In that case, although the defendant testified that he was not told that he faced a mandatory life sentence, trial counsel testified at the hearing on the motion for new trial that he had given the defendant that information. Id. Accordingly, the court's finding that the defendant had been informed was not clearly erroneous. Id. at 123. Moreover, in *Whitehead*, this Court held that informing the defendant that a mandatory life sentence was a possibility and not a certainty in the event he was found guilty at trial did not constitute ineffective assistance of counsel. Id. at 122-123. See also *Williams v. Duffy*, 270 Ga. 580, 581-582 (1) (513 SE2d 212) (1999) (failure to apprise defendant of eligibility for parole does not constitute ineffective assistance of counsel).

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED JUNE 6, 2005 —
RECONSIDERATION DENIED JUNE 23, 2005.

*Robert M. Goldberg*, for appellant.
*Richard G. Milam, District Attorney, Mark S. Daniel, Assistant District Attorney*, for appellee.