**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J, and BOGGS, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 13, 2015**

# In the Court of Appeals of Georgia

A15A0834. HARRIS v. THE STATE.                    DO-034C

DOYLE, Chief Judge.

Marcus Anthony Harris was tried by a jury and convicted of armed robbery.[1] He was sentenced as a recidivist to life imprisonment, with no possibility of parole before serving 30 years in prison. Harris appeals the denial of his motion for new trial, contending that his trial counsel was ineffective because she gave him inaccurate advice about his possible sentence, which advice he contends he relied on when deciding to reject the State's plea offer and go to trial. For reasons that follow, we affirm.

---

[1] OCGA § 16-8-41 (a).

Harris was indicted for armed robbery, kidnapping,[2] false imprisonment,[3] possession of a firearm during commission of a crime,[4] possession of a firearm by a convicted felon,[5] and criminal trespass.[6] Harris's trial counsel filed a plea in bar and motion to dismiss based on the statute of limitations , successfully eliminating all charges against him except armed robbery.

Prior to trial, Harris's counsel filed a motion to suppress identification evidence. At the conclusion of the motion to suppress hearing, after the trial court denied the motion, the following transpired:

> COURT: Now, Mr. [Harris] is facing armed robbery. He has rejected a plea agreement which was offered to him, a 20-year sentence, 15 to serve, which as I understand it includes a wrap up offer including two other cases, which the State would allow him to plead to with ten-year concurrent sentences. Is that right. . . ?
>
> STATE: Your honor, that's correct. . . .

---

[2] OCGA § 16-5-40 (a).

[3] OCGA § 16-5-41 (a).

[4] OCGA § 16-11-106 (b).

[5] OCGA § 16-11-131 (b).

[6] OCGA § 16-7-21 (b) (2).

COURT: If he is, in fact, convicted of armed robbery he could be sentenced up to life in the penitentiary, and what you're telling me now is if he were to get a life sentence he'd have to serve a mandatory 30 years without parole. Is that correct?

STATE: That's correct. Yes, Your Honor.

COURT: Do you understand that, Mr. Harris?

HARRIS: Yes, sir. . . .

COURT: But you could be given a 30-year sentence without parole or a 20-year sentence without parole, 25-year sentence without parole, could be given life, which would also require you to serve at least 30 years without parole. Do you understand that?

HARRIS: Yes, sir.

COURT: How old are you?

HARRIS: 30

COURT: 30. All right. So you're looking at the possibility of getting out at age 45 versus getting out at age 60.

HARRIS: I'll let the Lord decide.

At the motion for new trial hearing, trial counsel testified that the State made an initial plea offer of life in prison on the armed robbery charge, which she communicated to Harris. After further discussions, the State offered a sentence of 20 years, 15 to serve with 5 on probation, which would resolve the armed robbery in this case and charges in at least two other cases. Trial counsel discussed with Harris the fact that he was a recidivist and told him that, if he was convicted, the minimum sentence he could receive was ten years without parole and the maximum was life without parole. Trial counsel did not advise him that the life sentence was mandatory. Trial counsel did advise Harris that it would be in his best interest to accept the second plea offer and had his mother and girlfriend come in to help explain the "mountain of evidence against him in the case," but Harris refused to accept the State's offer.

Harris also testified at the motion for new trial hearing, stating that after his trial counsel informed him of the State's second plea offer, he told her that he wanted a lower sentence and instructed her to ask for 12 years. Trial counsel informed him that the State was no longer negotiating. Harris admitted that he had been told by his attorney and the court that he could get a life sentence, but testified that if he had

4

known that the life sentence was mandatory, he would have accepted the second plea offer.

The trial court denied Harris's motion for new trial, rejecting Harris's argument that he received ineffective assistance of counsel. The court found that Harris was advised many times that a life sentence was a possibility and was aware of that possibility when he rejected the State's offer and decided to go to trial.[7]

On appeal, Harris contends that his trial counsel provided ineffective assistance by incorrectly advising him that, if he was convicted, the trial court had discretion to give him a sentence between the minimum and maximum for armed robbery, and by failing to advise him that a life sentence was mandatory if he was convicted because he was a recidivist. He argues that he relied on this improper advice in making his decision to go to trial.

To prevail on his claim of ineffective assistance of counsel, Harris must show that counsel's performance was deficient and that the deficient performance

---

[7] The court acknowledged that at trial, the judge had given confusing instructions as to possible sentences, but found that the judge had advised Harris that he could face a life sentence.

prejudiced the defense.[8] This two-prong test from *Strickland* ordinarily applies to ineffective assistance of counsel claims in the plea process.[9]

> If an appellant fails to meet his or her burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong. In reviewing the trial court's decision, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.[10]

We first address the performance prong. "The defendant is entitled, under the Sixth Amendment, to competent counsel who performs to the standards expected in the legal profession when deciding whether or not to plead guilty."[11] "Objective professional standards dictate that a defendant, absent extenuating circumstances, is entitled to be told that an offer to plead guilty has been made and to be advised of the

---

[8] *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LEd2d 674) (1984).

[9] See *Cleveland v. State*, 285 Ga. 142, 144 (674 SE2d 289) (2009).

[10] (Citations and punctuation omitted.) *Hughes v. State*, 289 Ga. 98, 100 (3) (709 SE2d 764) (2011).

[11] (Citation omitted.) *Lloyd v. State*, 258 Ga. 645, 646 (2) (373 SE2d 1) (1988).

consequences of the choices confronting him. For counsel to do otherwise amounts to less than reasonably professional assistance."[12]

In *Whitehead v. State*,[13] this Court addressed a very similar situation and found that although the appellant may not have been made aware that a life sentence was mandatory, he had been told that a life sentence was a possibility when he decided to reject the State's offer and go to trial.[14] As a result, this Court concluded that "counsel's evaluation of the case and advice to Whitehead fell within the range of professionally reasonable judgments."[15] This Court reached the same result in *Carson v. State*,[16] in which the defendant was not informed that a mandatory life sentence was probable, but was informed that it was possible.[17] This Court held that Carson failed

---

[12] Id. at 648 (2) (a).

[13] 211 Ga. App. 121 (438 SE2d 128) (1993).

[14] See id. at 122.

[15] Id. at 123. See also *Biggins v. State*, 322 Ga. App. 286, 291 (3) (a) (744 SE2d 811) (2013) (holding that even if Biggins was not informed that life sentence was mandatory, he knew that he could receive a life sentence and was therefore "sufficiently apprised of the risks of going to trial") (citation and punctuation omitted).

[16] 264 Ga. App. 763 (592 SE2d 161) (2003).

[17] See id. at 764.

to establish that he was prejudiced by counsel's performance because he presented no evidence "that at the time [he] rejected a plea he was amenable to the offer made by the [S]tate.[18] And in *Sutton v. State*,[19] this Court addressed a situation in which the trial court failed to inform a defendant that his conviction would result in a mandatory life sentence, but instead stated that a range of punishment was possible.[20] This Court held that because the defendant knew that he could receive a life sentence, he was "sufficiently apprised of the risks of going to trial."[21]

Harris relies on *Johnson v. State*,[22] to support his contention that his trial counsel's performance was deficient. In that case, the public defender appointed to represent Johnson at trial was aware of an outstanding plea offer from the State, but failed to discuss the matter with Johnson until after counsel should have known that the offer had expired.[23] Additionally, "counsel, prior to the expiration of the plea

---

[18] (Punctuation omitted.) Id. at 765.

[19] 263 Ga. App. 188 (587 SE2d 379) (2003).

[20] See id. at 190 (1).

[21] Id.

[22] 289 Ga. 532 (712 SE2d 811) (2011).

[23] See id. at 534-535.

offer, made no independent examination of the facts in Johnson's case nor tried to contact the alleged alibi witnesses so that he could offer his informed opinion as to what plea should be entered."[24] Finally, counsel failed to inform Johnson, before he rejected the State's plea offer, that he was facing a mandatory life sentence without parole if convicted at trial.[25] The Supreme Court of Georgia held that the combination of these failures by trial counsel showed that trial "counsel's representation fell below an objective standard of reasonableness."[26] The Court did not hold that trial counsel's failure to notify Johnson of the mandatory life sentence alone would have been sufficient to fulfill Johnson's burden of showing deficient performance.

Here, Harris's trial counsel discussed both of the State's plea offers with him, told him that a life sentence was a possibility, and told him that it would be in his best interest to accept the State's second plea offer. Although trial counsel did not inform Harris that he faced a mandatory life sentence if convicted, Harris knew that a life sentence was possible and was therefore aware "that the consequences of refusing the

---

[24] Id. at 534.

[25] Id.

[26] (Citation and punctuation omitted.) Id. at 535.

State's plea offer could be harsher than the consequences of accepting it."[27] Based on these facts, as found by the trial court and supported by the record, we conclude that Harris has failed to establish ineffective assistance of counsel. Accordingly, the trial court did not err by denying his motion for new trial.

*Judgment affirmed. Phipps, P. J., and Boggs, J., concur.*

---

[27] (Citation and punctuation omitted.) *Carson*, 264 Ga. App. at 764.