**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and GOSS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**August 22, 2019**

# In the Court of Appeals of Georgia

A19A1083. DUNLAP v. THE STATE.

MCFADDEN, Chief Judge.

After a jury trial, Cedric Dunlap was convicted of burglary (OCGA § 16-7-1) and criminal damage to property in the second degree (OCGA § 16-7-23). The trial court denied Dunlap's motion for new trial, and he appeals. Dunlap argues that his conviction was based on the uncorroborated testimony of an accomplice, which is insufficient to support the conviction. But his accomplice's testimony was corroborated and the evidence was sufficient. Dunlap also argues that the trial court should have exercised his discretion to grant a new trial. But there is no indication that the trial court did not exercise his discretion. So we affirm.

1. *Sufficiency of the evidence.*

On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict and the defendant no longer is presumed innocent. *Johnson v. State*, 304 Ga. 610, 612 (1) (b) (820 SE2d 690) (2018). When a defendant challenges the sufficiency of the evidence supporting his criminal conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (emphasis in original). It is the function of the jury, not the reviewing court, to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the evidence. Id.

So viewed, the evidence shows that on March 15, 2010, Carlos Moss approached Cedric Dunlap and his brother, Cenica Dunlap, with the idea of burglarizing a home. In preparation for carrying out this plan, Cenica Dunlap approached his sister, who was also the mother of Moss's children, and asked to borrow her car to run an errand.

After borrowing the car, Cenica Dunlap proceeded to pick up Moss and then later Cedric Dunlap. He drove them to John Wallace Road. The men parked the car across the street from the house they were targeting.

Moss and the Dunlap brothers entered the house by kicking in the front door. Once inside the house, the men removed the drywall in order to pilfer copper wire from inside the walls. The three men caused $16,000 in damage to the house. They also took three shotguns, a television, and tools.

While Moss and the Dunlaps were still at the house, the homeowner returned to the house. From the driveway, he saw a man crouching outside his house, stripping wire. The victim parked his truck to block the burglars' car and called the police. The victim yelled that he had called law enforcement. The victim saw three men run from the house toward the woods. The victim could only identify the burglars' race, gender, the color of their clothing, and the approximate age and height of one of them because he was 150 to 200 feet away.

Police apprehended Moss several hours later that day. Moss identified Cedric Dunlap and Cenica Dunlap as his accomplices. Officers found at the victim's house a baseball cap that was not the victim's. The cap contained Cedric Dunlap's DNA.

Cedric Dunlap argues that the evidence was insufficient to support his convictions because the only evidence that directly connected him to the crimes charged was the uncorroborated testimony of Carlos Moss. We disagree.

In order to sustain a conviction, testimony by an accomplice to the crime must be corroborated by other evidence implicating the defendant. OCGA § 24-14-8; *Bradshaw v. State*, 296 Ga. 650, 653-655 (2) (769 SE2d 892) (2015). Corroborating evidence "need not be sufficient in and of itself to warrant a conviction, so long as it is independent of the accomplice's testimony and directly connects the defendant to the crime or leads to the inference of guilt." *Robinson v. State*, 303 Ga. 321, 323 (1) (812 SE2d 232) (2018) (citation and punctuation omitted). Even "[s]light evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support a verdict." *Coley v. State*, 305 Ga. 658, 660 (2) (827 SE2d 241) (2019) (citations omitted). Once the state has introduced independent evidence implicating the defendant, it is for the jury to decide whether the evidence sufficiently corroborates the accomplice's testimony and warrants conviction. *Rivera v. State*, 304 Ga. 767, 770 (1) (822 SE2d 216) (2018).

Here Moss's testimony implicating Cedric Dunlap was corroborated by the hat found at the scene of the crime containing Cedric Dunlap's DNA. "Thus, there was sufficient corroboration of [Moss's] testimony, and viewed in the light most favorable to the verdict, we conclude that the evidence was sufficient to authorize a rational jury to find beyond a reasonable doubt that [Dunlap] was guilty of the crimes of

which he was convicted." *Bradshaw*, 296 Ga. at 655 (2). See also *Roebuck v. State*, 277 Ga. 200 (1) (586 SE2d 651) (2003) (affirming murder conviction because accomplice's testimony was sufficiently corroborated by evidence that defendant's fingerprint was taken from the car in which victim was killed); *Robinson v. State*, 259 Ga. App. 555, 558 (2) (578 SE2d 214) (2003) (affirming rape conviction because, although victim could not identify her assailants, accomplice's testimony that defendant was involved was corroborated by the presence of defendant's DNA).

2. *Motion for new trial.*

Cedric Dunlap argues that the trial court failed to act as the thirteenth juror in denying his motion for new trial under OCGA §§ 5-5-20 and 5-5-21. The trial court's order denying his new trial motion said only: "The Motion for New Trial is hereby DENIED."

> Although the order did not explicitly state that the court was exercising its broad discretion as the thirteenth juror in deciding the motion, it is well established that [we] must presume that the trial judge knew the rule as to the necessity of exercising his discretion, and that he did exercise it. We can not assume, in the absence of positive evidence to the contrary, that the judge knowingly declined to exercise his discretion. Thus, where a trial judge ruling on a new trial motion enters an order that, without more, recites that the new trial is refused or

5

denied, this will be taken to mean that the judge has in the exercise of his discretion approved the verdict.

*Butts v. State*, 297 Ga. 766, 771-772 (3) (778 SE2d 205) (2015) (citations and punctuation omitted). "[T]o the extent [Dunlap] asks this [c]ourt to review the merits of the trial court's exercise of its discretion as the thirteenth juror, we decline to do so; this [c]ourt does not sit as an arbiter of the general grounds, which are solely within the discretion of the trial court." *Wilson v. State*, 302 Ga. 106, 109 (II) (d) (805 SE2d 98) (2017) (citation and punctuation omitted).

*Judgment affirmed. McMillian, P.J., and Goss, J., concur*.