## 45619. LLOYD v. THE STATE.
(373 SE2d 1)

Hunt, Justice.

On the previous appeal of her murder conviction, Bernice Mae Lloyd raised, for the first time, the question of the effectiveness of her trial counsel. Her conviction was affirmed by this court in *Lloyd v. State,* 257 Ga. 108 (355 SE2d 423) (1987), as to all issues except her ineffective assistance claim which was remanded to the trial court pursuant to our decision in *Smith v. State,* 255 Ga. 654 (341 SE2d 5) (1986).[1] Lloyd now appeals the trial court's finding that her trial

---

[1] In *Smith,* we established the practice of remanding to the trial court the claim of ineffective assistance, when such claim was raised only on appeal. The advantage of this procedure is that the claim can be promptly resolved by the judge who presided over the trial as opposed to having it resolved by a habeas court somewhere down the road. From the denial

counsel was effective. The principal issue raised by her appeal is whether the failure of trial counsel to communicate a plea bargain, the terms of which were favorable compared to the result of the trial, rendered his services ineffective.

1. Lloyd's complaint concerning her trial counsel's cross-examination of witnesses and his failure to prevent the admission of the victim's dying declaration were found by the trial court to be meritless and we affirm that decision.

2. That a plea bargain was offered to counsel but not communicated to Lloyd is undisputed.[2] The offer involved a plea of guilty to voluntary manslaughter in return for a fifteen-year sentence. The trial resulted in a murder conviction and a life sentence. Trial counsel's explanation for failing to communicate the offer was his strong belief that she would be acquitted because of a persuasive battered woman's syndrome defense. *Lloyd v. State,* supra, 257 Ga. at 108. The record is silent as to whether Lloyd would have accepted this or any other offer to plead.[3] The trial court found as a matter of fact and law that "counsel's performance was reasonable under all these circumstances. *Ford v. State,* 255 Ga. 81 (8) [335 SE2d 567 (1985)] . . . ." For the reasons that follow, we affirm this holding.

Although the consequences of rejecting a guilty plea offer differ substantially from those consequences emanating from entering a guilty plea,[4] such a rejection without the knowledge and consent of the defendant will, in most instances, support a claim of ineffective assistance. The defendant is entitled, under the Sixth Amendment, to competent counsel who performs to the standards expected in the legal profession when deciding whether or not to plead guilty. *Hill v. Lockhart,* 474 U. S. 52 (106 SC 366, 370, 88 LE2d 203) (1985).

In *Strickland v. Washington,* 466 U. S. 668, 687-88 (104 SC 2052, 80 LE2d 674) (1984), the United States Supreme Court set out the

---

of such remanded claim, the defendant may appeal directly back to this court. Compare OCGA § 5-6-35 (a) (7).

[2] The prosecutor testified that he could not deny that such a discussion had taken place, but also stated that he always made a note in his file when an offer was extended and that no such note had been made.

[3] Trial counsel implied that had he communicated the offer to Lloyd, he would have recommended against it. Even the trial judge commented that had he been on the jury, he would have voted to acquit.

[4] There is a vast difference between what happens to a defendant when he pleads guilty as opposed to what occurs when a plea agreement is rejected. The rejection of a plea agreement, in most instances, will result in the defendant going to trial with all of the concomitant constitutional safeguards that are part and parcel of our judicial process. The defendant who pleads guilty, on the other hand, waives many of these protections,. . . Contrary to [defendant's] contentions, there is a significant difference between the consequences emanating from a decision to reject a plea agreement and not plead guilty and the decision to enter a guilty plea. *Johnson v. Duckworth,* 793 F2d 898, 900 (7th Cir. 1986).

test for weighing the merits of a claim of ineffective assistance of counsel: "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below the objective standard of reasonableness," — that is, "reasonable considering all the circumstances." Id. at 688. And, that

> there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Id. at 694.

Employing this two-pronged test, we examine the merits of the claim before us.

a. Do objective professional standards dictate that defendant's counsel, under the circumstances of her case, communicate the opportunity to plead guilty to voluntary manslaughter for a long-term sentence rather than go to trial on a murder indictment and risk a life sentence? In *Strickland v. Washington,* supra at 688, the Supreme Court suggested that "[p]revailing norms of practice as reflected in American Bar Association standards and the like,. . ., are guides to determining what is reasonable, but they are only guides." The ABA Standards, The Defense Function § 6.2 (a) A embodies a requirement to inform a defendant of an offer to plead guilty:

> In conducting discussions with the prosecutor the lawyer should keep the accused advised of developments at all times and all proposals made by the prosecutor should be communicated promptly to the accused.

The commentary goes on to state:

> Because plea discussions are usually held without the accused being present, there is a duty on the lawyer to communicate fully to his client the substance of the discussions. It is important that the accused be informed of proposals made by the prosecutor; *the accused, not the lawyer, has the right to pass on prosecution proposals, even when a proposal is one which the lawyer would not approve.* If the accused's choice on the question of a guilty plea is to be an informed one, he must act with full awareness of his alternatives, including any that arise from proposals made by the prosecutor. [Emphasis supplied.]

Most other courts that have considered this question have held that

the decision is one to be made by the defendant with the best advice of his counsel, and that the failure to communicate the offer of the prosecutor for the defendant's consideration falls below the standard of care expected in the legal profession. *Rasmussen v. State*, 280 Ark. 472 (658 SW2d 867) (1983); *People v. Whitfield*, 239 NE2d 850 (Ill. 1968); *Lyles v. Indiana*, 178 Ind. App. 398 (382 NE2d 991) (1978); *State v. Simmons*, 65 N.C. App. 294 (309 SE2d 493) (1983); *Commonwealth v. Napper*, 385 A2d 521 (Pa. 1978); *State v. James*, 48 Wash. App. 353 (739 P2d 1161, 1166-67) (1987); *Hanzelka v. State*, 682 SW2d 385 (Tex. App. 1984); *Tucker v. Holland*, 327 SE2d 388 (W.Va. 1985); *State v. Ludwig*, 124 Wis2d 600 (369 NW2d 722, 727) (1985); *United States v. Zelinsky*, 689 F2d 435 (3rd Cir. 1982); *Johnson v. Duckworth*, 793 F2d 898 (7th Cir. 1986); *Williams v. Arn*, 654 FSupp. 226 (ND O. 1986). We agree. Objective professional standards dictate that a defendant, absent extenuating circumstances, is entitled to be told that an offer to plead guilty has been made and to be advised of the consequences of the choices confronting him. For counsel to do otherwise amounts to less than reasonably professional assistance.[5]

b. The defendant must further show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, supra at 694. Logically, such prejudice can only be shown by some indication that the defendant was amenable to the offer made by the state. Several state courts have summarily resolved this by assuming the defendant would accept any plea offer which was favorable when compared to the actual outcome. See for example *Lyles v. Indiana*, supra, 382 SE2d at 994; *People v. Whitfield*, supra, 239 SE2d at 850; *Hanzelka v. State*, supra, 682 SW2d at 387. Other courts require a showing by the defendant that, prior to verdict, he evidenced an interest in pleading guilty and that he would have accepted the offer had he learned of it. See *Rasmussen v. State*, supra, 658 SW2d at 867; *United States v. Zelinsky*, supra, 689 F2d at 438; *Johnson v. Duckworth*, supra, 793 F2d at 902. We prefer to examine the facts of each case and grant relief where there is at least an inference from the evidence that the defendant would have accepted the offer as made or something similar.[6] Such an inference could be drawn even where the evidence is disputed or unclear on this question. Here, no such inference exists. Lloyd's remand hearing yielded, on the contrary, the unmistakable

---

[5] See *State v. Simmons*, 309 SE2d 493, 498 (N.C. App. 1983), *Johnson v. Duckworth*, 793 F2d 898 (7th Cir. 1986).

[6] Experience indicates that discussion between counsel and client as to one plea offer often leads to a discussion of alternative offers and frequently results in a compromise or "bargain." This is particularly true in less serious cases. Because of our determination of no prejudice to Ms. Lloyd, we do not decide whether the appropriate remedy (where prejudice is shown) is to enforce the plea agreement or to grant a new trial.

conclusion that she would *not* have accepted or even considered the offer to plead guilty to voluntary manslaughter. Thus the evidence supports a finding, implicit in the trial court's ruling, that counsel's unprofessional error did *not* affect the result. The trial court's conclusion that counsel was reasonably effective, as viewed by us from the *Strickland* perspective, is affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 20, 1988 — RECONSIDERATION DENIED NOVEMBER 9, 1988.

*Michael H. Dunn,* for appellant.

*Glenn Thomas, Jr.,* District Attorney, *John B. Johnson III,* Assistant District Attorney, *Michael J. Bowers,* Attorney General, *Andrew S. Ree,* for appellee.