### A93A0962. WALKER v. THE STATE.
(435 SE2d 259)

BEASLEY, Presiding Judge.

Walker was indicted in two counts with sale of cocaine and possession of cocaine with intent to distribute. OCGA § 16-13-30 (b). He was convicted of the sale, acquitted of the latter, and sentenced to mandatory life imprisonment as a repeat offender under OCGA § 16-13-30 (d), having previously pled guilty to possession with intent to distribute on February 12, 1990. On appeal, he enumerates as error the denial of effective assistance of trial counsel, a claim asserted and denied in the amended motion for new trial.

" 'When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below the objective standard of reasonableness,' — that is, 'reasonable considering all the circumstances.' [Quoting *Strickland v. Washington*, 466 U. S. 668, 688 (104 SC 2052, 80 LE2d 674) (1984).] And, that 'there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability suffi-

cient to undermine confidence in the outcome.' Id. at 694." *Lloyd v. State*, 258 Ga. 645, 647 (2) (373 SE2d 1) (1988).

Appellant claims counsel was ineffective: (a) in agreeing to allow him to be tried in prison clothing rather than seeking a continuance to obtain suitable civilian clothing; (b) in failing to advise him that a conviction for sale of cocaine would result in a mandatory life sentence.

(a) Prior to commencement of trial, defense counsel advised the court that appellant was attired in prison clothing. A deputy sheriff assigned as the court's bailiff gave sworn testimony that he offered appellant blue jeans and a shirt to wear at trial, but that he refused the civilian clothing, stating that he would remain in the jail-issued clothing, which consisted of blue pants and pullover top, rather than dress in the offered clothing. He wanted his own clothing. Appellant's counsel inquired whether the clothing worn by appellant displayed any markings identifying it as prison garb, to which the sheriff replied in the negative.

Counsel explained his failure to seek a continuance: "The State had filed a . . . notice of presenting similar transactions. . . . [The] prosecuting attorney had already told me that week that he did not have his witnesses there for the similar transactions. There was no way in the world that I was going to move for a continuance . . . and have the State ready to present evidence of the similar transactions." Appellant has not " 'overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." ' [Cits.]" *Jowers v. State*, 260 Ga. 459, 462 (2) (396 SE2d 891) (1990). Compare *Cochran v. State*, 262 Ga. 106 (2) (414 SE2d 211) (1992).

(b) Prior to trial, the State agreed to accept a guilty plea presumably to a lesser offense, in exchange for which it would recommend the imposition of a five-year sentence, to serve two years. Trial counsel stated on the record prior to the commencement of trial: "[Appellant] was going to take the plea, we had him over here Monday. At that point, he advised me that he was no longer interested in the plea. . . ."

Trial counsel testified at the hearing on motion for new trial that he informed appellant on numerous occasions that if convicted, he was facing a life sentence because of a previous drug conviction. On the day appellant changed his mind about accepting the plea offer, "I asked him specifically you realize you are talking about a life sentence, and he just blew it off." He explained the differential in jail time with respect to the two sentences: "We talked about that until I was blue in the face. I specifically told him that he was looking at seven years without parole." He adamantly refused counsel's repeated recommendation that he accept the offer to plead.

Although counsel expressed some misunderstanding as to whether conviction of *either* count (selling or possession with intent to distribute) carried a mandatory life sentence, the court was authorized to find that he repeatedly informed appellant that if convicted he would receive a life sentence as a repeat drug offender and strongly urged him to accept the plea offer.

Even assuming counsel was mistaken and incorrectly advised appellant about the sentencing consequence following conviction for selling cocaine, he has not demonstrated that " 'but for counsel's unprofessional errors, the result of the proceeding would have been different.' [Cit.]" *Jowers*, supra at 462 (2). It is only after the fact that he says he would have accepted the plea offer, but when he made the decision he still faced possible conviction of possession with intent, which he rightly had been informed carried a mandatory life sentence.

In *Lloyd v. State*, supra at 645 (2), a defendant was denied "reasonably professional assistance" under *Strickland* where counsel failed to communicate that an offer to plead guilty had been extended by the State. In assessing whether prejudice had been shown under the second prong of *Strickland*, the Court applied a case-by-case analysis: "We prefer to examine the facts of each case and grant relief where there is at least an inference from the evidence that the defendant would have accepted the offer as made or something similar." Id. at 648. Prejudice was not shown in *Lloyd* because the evidence led to "the unmistakable conclusion that [defendant] would not have accepted or even considered the offer to plead guilty. . . ." Id. at 648-649.

The plea offer was communicated to Walker, who repeatedly rejected counsel's advice that he accept it. "[P]rejudice can only be shown by some indication that the defendant was amenable to the offer made by the state." Id. at 648. The undisputed evidence shows that appellant knew about the offer but was disinterested despite his counsel's repeated entreaties. Prejudice has not been shown.

Appellant has not been denied effective assistance of counsel under *Strickland*.

*Judgment affirmed. Cooper and Smith, JJ., concur.*

DECIDED AUGUST 13, 1993.

*Richard A. Grossman*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph F. Burford, Carl P. Greenberg, Assistant District Attorneys*, for appellee.