## A97A2456. LAROCHELLE v. THE STATE.
(499 SE2d 371)

McMurray, Presiding Judge.

Defendant Larochelle has previously appealed his conviction of trafficking in cocaine to this Court, resulting in the vacating of the denial of his motion for new trial and a remand of the case for an evidentiary hearing to determine certain issues arising from his claim of ineffective assistance of trial counsel in that he was not informed of a plea offer made by the State. *Larochelle v. State*, 219 Ga. App. 792 (466 SE2d 672). The issues to be addressed by the trial court on remand were "whether trial counsel informed Larochelle of the plea offer and, if so, whether Larochelle knowingly and intelligently waived counsel's potential conflict of interest through a decision to reject the offer and continue to pursue his and his co-defendant's common defense. If either question is answered in the negative, the court must resolve a third question, whether Larochelle would have accepted the plea offer made or something similar. An affirmative response to this question requires a new trial." Id. at 794 (3), 796.

Upon remand of the case, the hearing was conducted and the trial court found that Larochelle was informed of the plea offer and had waived trial counsel's conflict of interest by continuing to pursue a common defense with his co-defendant. While, in view of the affirmative conclusions as to the first two questions, the trial court was not required to address the third and final question concerning whether Larochelle would have accepted the plea offer or something similar, the trial court's order does express a conclusion with supporting analysis on the third issue. Larochelle's motion for new trial was again denied, and he appeals. *Held*:

1. Larochelle's first enumeration of error maintains that the trial court erroneously refused to consider the record of the hearing on the motion to disqualify defense counsel. This contention is apparently predicated on the trial court's ruling, during the remand hearing, sustaining an objection to defense counsel's attempt to reference in his argument certain testimony which occurred during the hearing on the motion to disqualify trial counsel. The sustained objection was that matters outside the evidence at the remand hearing were being argued since no transcript or testimony had been presented to disclose the testimony at that earlier hearing. Larochelle's argument on appeal is simply that consideration of the complete record is appropriate in passing on a claim of ineffective assistance of counsel, and he notes that both trial courts and appellate courts have consistently followed this procedure.

Contrary to Larochelle's assertion, the complete record has been considered in deciding his claim of ineffective assistance. The transcript of the hearing on the motion to disqualify was included in the

record submitted and considered in his first appeal. Nonetheless, the scope of inquiry on the remand to the trial court for the hearing now being appealed was limited in scope. The trial court was to conduct an evidentiary hearing and make findings and conclusions on specific issues. See *Marsh v. Way*, 255 Ga. 284 (336 SE2d 795). It is implicit in such direction that the findings derive from the evidence presented at the mandated hearing. It was the duty of the parties to present at the evidentiary hearing any evidence they wished to rely on with regard to the specified issues, and it was not the duty of the trial court to comb the entire record below in search of relevant evidence. The trial court did not err in sustaining the objection to defense counsel's argument.

2. The trial court did not err in determining that trial counsel informed Larochelle of the plea offer. The State's evidence presented at the evidentiary hearing shows that attorney John R. Calhoun was retained to represent defendant and co-defendant Blanchard. Jonathan Hunt, the junior associate in Calhoun's three-lawyer firm, went to the jail to meet with Larochelle and informed him of the plea offer, albeit the terms stated by Jonathan Hunt were more favorable than those which had actually been offered by the prosecutor. Larochelle denied that anyone mentioned a plea offer to him. The trial court resolved the resulting conflict in the evidence by determining that Larochelle had been informed of the plea offer.

The trial court's determination that *trial counsel* informed Larochelle of the plea offer is not rendered incorrect, if we assume, as defendant maintains, Larochelle was represented at trial by only the two more senior attorneys in the firm. The evidence shows that Jonathan Hunt conducted his jail visits at the direction of and as agent of John R. Calhoun, the firm's senior attorney. There was no determination made, or required under the remand directions, as to whether trial counsel informed Larochelle personally rather than through an agent or representative.

3. The trial court's affirmative finding of fact on the second question submitted by this Court, that is, whether Larochelle knowingly and intelligently waived counsel's potential conflict of interest through a decision to reject the plea offer and continue to pursue his and his co-defendant's common defense, is not supported by the evidence developed at the evidentiary hearing. While Larochelle did proceed with the common defense after learning of a plea offer, it cannot be reasonably deduced that this reflected a knowing and intelligent waiver of trial counsel's potential conflict of interest.

As noted in the trial court's findings of fact, "[a]lthough Hunt did inform Larochelle of the plea offer, he did not discuss it with him nor make any recommendation pro or con" and "the existence of a conflict of interest was never explicitly explained to Larochelle, so far as we

know." Indeed, trial counsel John R. Calhoun did not consider the plea offer a viable offer or pursue further negotiations for a plea agreement since he felt the plea agreement offer had been made solely to create a possible conflict of interest. An opportunity to make Larochelle aware of the possible conflict of interest and record any waiver thereof on the record was lost when he was absent from the hearing on the motion to disqualify trial counsel. The trial court's order also notes in retrospect that a serious conflict of interest existed between the duty of trial counsel to be loyal to Larochelle and their duty to be loyal to the co-defendant Blanchard.

Larochelle, a native of Haiti, attended 12 years of school in that country, and, as stated in the trial court's findings of fact, "speaks halting but adequate English." Particularly, in view of the difficulty demonstrated by the trial court and attorneys in recognizing and understanding the conflict of interest issues in the present case, there would appear to be no reasonable basis for concluding that these issues would be self-evident to a person of Larochelle's circumstances. As no attempt was made to explain the implications of the plea offer or potential conflict of interest to Larochelle, we must conclude that he lacked an understanding of the alternatives he faced sufficient to support a finding of a knowing and intelligent waiver. *Lloyd v. State*, 258 Ga. 645, 646 (2), 647-648 (373 SE2d 1); *Whitehead v. State*, 211 Ga. App. 121, 122 (438 SE2d 128); *Muff v. State*, 210 Ga. App. 309, 310 (2), 311 (436 SE2d 47).

4. Apparently anticipating that the issue might be reached on appeal, the trial court entered a finding on the third question of whether Larochelle would have accepted the plea offer made or something similar. The trial court determined that Larochelle would not have accepted the plea offer made or something similar. This conclusion is enumerated as error, and even though it could reasonably be argued that, in the light of the positive conclusions on the first two questions, addressing this issue was beyond the scope of the directions to the trial court, this contention has not been raised and defendant's argument is directed to controverting the factual conclusions of the trial court. Under these circumstances we deem any technical objection to whether the issue is ripe for appellate review to have been waived and as a matter of judicial economy decline to address this issue sua sponte.

At the evidentiary hearing on remand, Larochelle testified that had he been fully advised, he probably would have pleaded guilty and testified against Blanchard. However, the trial court was authorized to find more persuasive the conflicting evidence which showed that it was unlikely that Larochelle would have accepted the offer made by the prosecutor. The plea offer conveyed by attorney Hunt to Larochelle, ten years to serve in return for a plea of guilty, was actually

more generous than the offer actually made by the prosecutor which was also conditioned on Larochelle testifying against his co-defendant Blanchard. However, Larochelle had a familial connection to Blanchard in that he had a child by Blanchard's sister, who along with another sister had employed John R. Calhoun. The trial court deduced that Larochelle's refusal of the mistaken, more generous, offer inferred that it was unlikely that he would accept the actual offer made by the prosecutor. Also, there was significant evidence of Larochelle's confidence of acquittal which also made acceptance of a reduced sentence in exchange for a guilty plea unlikely.

The evidence supports a finding, implicit in the trial court's ruling, that there was no reasonable probability that Larochelle would have accepted the actual plea offer. Thus, we find no error in the trial court's conclusion that trial counsel was reasonably effective within the perspective of the two-prong test provided in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674). See also *Lloyd v. State*, 258 Ga. 645, 646 (2), 647-648, supra; *Whitehead v. State*, 211 Ga. App. 121, 122, supra; *Muff v. State*, 210 Ga. App. 309, 311 (2), supra; *Walker v. State*, 210 Ga. App. 33, 35 (435 SE2d 259).

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED MARCH 19, 1998 —
RECONSIDERATION DENIED MARCH 31, 1998

*Randall A. Schmidt*, for appellant.
*Spencer Lawton, Jr., District Attorney, Michael K. Dennard, Assistant District Attorney*, for appellee.