## A03A0120. TALBOT v. THE STATE.
(581 SE2d 669)

ADAMS, Judge.

Maurice Talbot appeals his conviction of possession of cocaine with intent to distribute for which he was sentenced to thirty years,

---

ten to serve. He contends that the evidence was insufficient to support the verdict and that he received ineffective assistance of counsel.

1. Construed in favor of the verdict, the evidence shows that while Officer Brent Rollins was pursuing Talbot's car for speeding and running a red light, he saw the driver throw a white substance out of the driver's side window. Talbot eventually pulled over, and Rollins determined that Talbot was the only person in the car. Rollins was able to recover 10.8 grams of the white substance, and at trial Talbot stipulated that it was cocaine. An arresting officer recovered $400 from Talbot. Talbot testified that he had $4,400 at the time.

Talbot contends that there was insufficient evidence to support the intent to distribute aspect of the verdict. Mere possession of cocaine, without more, will not support a conviction for possession with intent to distribute. *Wright v. State*, 154 Ga. App. 400, 401-402 (1) (268 SE2d 378) (1980). But additional evidence may support proof of intent to distribute, including "the packaging of the contraband, possession of certain amounts or denominations of currency, a prior possession with intent to distribute conviction, and expert testimony that the amount of contraband possessed was consistent with larger amounts usually held for sale rather than for personal use." (Citations and punctuation omitted.) *McNair v. State*, 226 Ga. App. 516, 517 (1) (487 SE2d 100) (1997).

In this case, an officer testified that he had made hundreds of drug-related arrests and that he was familiar with quantities suggesting personal use and quantities suggesting an intent to distribute. He opined that the amount of cocaine recovered in this case was "clearly going to be an amount used to distribute as opposed to personal use." Also, the State introduced a similar transaction in which Talbot pleaded guilty to possession of marijuana with the intent to distribute. The evidence was sufficient under the standard given in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See, e.g., *Watkins v. State*, 253 Ga. App. 382, 385 (3) (559 SE2d 133) (2002) (testimony that amount of money and cocaine was consistent with drug sales was sufficient to support verdict of intent to distribute); *Burse v. State*, 232 Ga. App. 729, 730 (1) (503 SE2d 638) (1998) (testimony regarding packaging and quantity of cocaine plus similar transaction was sufficient to support verdict of intent to distribute).

2. In order to show ineffective assistance of counsel, Talbot must show both that his attorney's performance was deficient and that the performance prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). See also *Heath v. State*, 258 Ga. App. 612, 614 (574 SE2d 852) (2002). "The trial court's determination with respect to effective assistance of counsel will be affirmed unless the trial court's findings are clearly erroneous.

[Cits.]" *Hamilton v. State*, 274 Ga. 582, 587-588 (13) (555 SE2d 701) (2001).

Scott Fitz Randolph of Sumter County represented Talbot at trial on May 9-11, 2001. On July 6, 2001, Randolph was arrested for possession of cocaine, and on November 5, 2001, Randolph was disbarred by the Supreme Court of Georgia for unprofessional and unethical behavior. *In the Matter of Randolph*, 274 Ga. 482 (554 SE2d 485) (2001). However, these facts are not relevant to Randolph's actual performance representing Talbot. Cf. *Jividen v. State*, 256 Ga. App. 642, 647 (2) (569 SE2d 589) (2002).

(a) At the hearing on the motion for new trial, Talbot raised three claims of ineffective assistance. In the first two, Talbot contends that Randolph did not prepare for trial or prepare Talbot for testifying. At the hearing on the motion for new trial, Talbot testified that prior to trial he had only one telephone call and one 15-minute meeting with Randolph, that he did not know he was going to trial until the proceedings were underway, and that he did not know he was going to testify until Randolph called him to the stand. Talbot also testified that Randolph did not explain what would happen at trial; did not discuss his testifying; and did not explain what kind of direct or cross-examination to expect.

But the record shows that Randolph entered the case on March 26, 2001, approximately seven weeks before trial. He submitted standard motions for Talbot and a request for speedy trial. He successfully prevented the admission of one alleged similar act. He was successful in obtaining an acquittal on a charge of driving under the influence and a directed verdict on a charge of driving with a suspended license.[1] He thoroughly cross-examined the State's witnesses, submitted requests to charge, and argued in mitigation of sentence. He also reasonably presented Talbot's defense that someone else was in the car, which necessarily required discussion with Talbot. Cristopher Keys testified for the defense that he had been in Talbot's car, that he alone had possession and knowledge of the cocaine, that he threw the cocaine out of the window, and that he jumped out of the car and hid after seeing the police car following. Also, we have reviewed Talbot's own testimony and conclude that it was not so poorly presented as to require a finding that Randolph failed to prepare him for trial.

The trial judge also recollected that Randolph "was vigorous; I

---

[1] Talbot had been charged with three traffic offenses and the cocaine charge. The jury found him not guilty of one traffic charge, the trial court directed a verdict on another, and Talbot was convicted of the third and the cocaine charge.

don't know how coherent his representation was, I just remember him being vigorous in it. . . . In fact, surprisingly so."[2]

> The test for reasonable attorney performance "has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . . [W]e are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately."

(Citations omitted.) *Stansell v. State*, 270 Ga. 147, 150 (2) (510 SE2d 292) (1998).

Based on Randolph's apparent effort including that he reasonably presented Talbot's only defense, we cannot conclude that the trial court's finding — that Randolph was effectively prepared for trial and prepared Talbot for trial — was clearly erroneous.

(b) Talbot also contends that Randolph did not explain the required sentencing to him or explain recidivism. But Talbot agreed that Randolph explained the charges to him and that Randolph was aware that Talbot was on probation. And, at sentencing, Talbot told the court that he understood going into trial that he could be sentenced as a recidivist. We find no clear error.

(c) In connection with his claim of ineffective assistance, Talbot also testified at the hearing that Randolph did not mention that the prosecutor had offered a plea. The prosecutor admitted that a plea had been offered prior to trial and implied that the offer was something less than what Talbot received. Talbot testified that he would have considered a plea rather than going to trial. Although Talbot's counsel did not specifically enumerate this ground for ineffective assistance, he effectively raised the matter by eliciting Talbot's testimony. See *Keanum v. State*, 212 Ga. App. 662, 663 (1) (442 SE2d 790) (1994) (argument may be raised in pleadings or at hearing).

In *Lloyd v. State*, 258 Ga. 645, 648 (2) (a) (373 SE2d 1) (1988), the Supreme Court held that failure to communicate a plea offer to the defendant and advise the defendant of the consequences of his or her choices amounts to "less than reasonably professional assistance." (Footnote omitted.) And, "[w]hen there is at least an inference from the evidence that the defendant would have accepted a plea offer made by the State . . . , prejudice is shown. . . ." (Citation and

---

[2] Randolph was out of the state at the time of the hearing on the motion for new trial and could not be subpoenaed to attend. Talbot's new attorney was unable to obtain from Randolph the file on Talbot.

punctuation omitted.) *Avans v. State*, 251 Ga. App. 575 (554 SE2d 766) (2001), citing *Lloyd*. See also *Muff v. State*, 210 Ga. App. 309 (436 SE2d 47) (1993).

In this case, although the trial court entered findings of fact when it denied Talbot's motion for new trial, it did not address this specific claim. And, because Randolph could not be forced to testify, Talbot's testimony is uncontradicted on this point. It is possible that the trial court might not have believed Talbot's testimony that Randolph failed to tell him about the plea offer or that he, Talbot, would have accepted it. See *Larochelle v. State*, 231 Ga. App. 736, 738 (4) (499 SE2d 371) (1998). But because the trial court's findings do not address this issue, it is unclear whether the court addressed the matter at all. Therefore we are forced to remand for further findings on this point. See *Weeks v. State*, 258 Ga. 662, n. 1 (374 SE2d 532) (1988) (separate findings on each issue are helpful for review); *Turner v. State*, 236 Ga. App. 592, 595 (3), n. 9 (512 SE2d 699) (1999) (express findings not required upon denial of claim of ineffective assistance, but they aid appellate court's review). Talbot may appeal following the additional findings if necessary.

*Judgment affirmed in part and reversed in part and case remanded with direction. Andrews, P. J., and Barnes, J., concur.*

DECIDED APRIL 17, 2003.

*William J. Mason*, for appellant.

*J. Gray Conger, District Attorney, Alonza Whitaker, Assistant District Attorney*, for appellee.