A07A2436. BURCH v. THE STATE.
(657 SE2d 294)

SMITH, Presiding Judge.

Tokeisha Burch appeals from the trial court's order denying her motion to withdraw her guilty plea to theft by shoplifting. Burch contends the trial court should have granted her motion because she received ineffective assistance of counsel. We disagree and affirm.

Burch contends that her counsel was ineffective because counsel failed to tell her that the State's negotiated plea offer had a time limit. Burch claims that she would have accepted the plea if she had known that there was a time limit.

> [T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence. . . . The second, or "prejudice," requirement, on the other hand,

---

focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.

(Citations omitted.) *Hill v. Lockhart,* 474 U. S. 52, 58-59 (106 SC 366, 88 LE2d 203) (1985).

In cases alleging that counsel provided ineffective assistance of counsel during plea negotiations, there are two different standards for assessing prejudice, depending upon whether the defendant accepted or rejected the plea offer.[1] The facts of this case do not fall squarely within either rule for determining prejudice, because Burch rejected a negotiated plea offer and later entered a "blind" or nonnegotiated guilty plea. We need not determine which prejudice rule applies,[2] however, because the trial court's ruling that trial counsel's performance was not defective is otherwise supported by the record. *Dawson v. State,* 271 Ga. App. 217, 219 (2) (609 SE2d 158) (2005) (trial court's findings on ineffectiveness of counsel will not be disturbed if there is any evidence to support them).

Burch admitted in the motion for new trial hearing that trial counsel told her that she needed to answer "right then" whether she wanted to accept the State's negotiated plea offer and that Burch could not wait to make a decision. Trial counsel testified that Burch "immediately and strongly" rejected the offer and also indicated that she would "never" accept it. Based on this testimony, we cannot say counsel provided ineffective assistance by failing to further explain the time limit of the State's offer. See *Whited v. State,* 258 Ga. App. 195, 197 (2) (573 SE2d 449) (2002) (counsel cannot be deemed ineffective for failing to detail consequences of rejecting state's plea offer when defendant told counsel he would not plead guilty), overruled in part on other grounds, *Schofield v. Holsey,* 281 Ga. 809, 811, n. 1 (642 SE2d 56) (2007).

---

[1] See *Tarwater v. State,* 259 Ga. 516, 518 (383 SE2d 883) (1989) (if defendant pleads guilty, prejudice shown by "reasonable probability that, but for counsel's errors, [defendant] would not have pleaded guilty and would have insisted on going to trial") (citation and punctuation omitted). Compare *Lloyd v. State,* 258 Ga. 645, 648-649 (2) (b) (373 SE2d 1) (1988) (if defendant rejects a plea and chooses to be tried, prejudice shown "where there is at least an inference from the evidence that the defendant would have accepted the offer as made or something similar") (footnote omitted).

[2] If the prejudice rule for an entered guilty plea applies, based on Burch's ultimate decision to plead guilty, Burch cannot show prejudice because she testified in the motion for new trial hearing that she never wanted a trial and always planned to plead guilty. Thus, she cannot show that but for counsel's ineffectiveness, she would have insisted upon going to trial. See *King v. State,* 215 Ga. App. 139, 141 (2) (449 SE2d 870) (1994).

If the prejudice rule for a rejected guilty plea applies, however, based on Burch's rejection of the State's first negotiated offer, Burch might be able to demonstrate the requisite prejudice based on the Supreme Court's conclusion that a court can draw an inference in favor of the defendant "even where the evidence is disputed or unclear on th[e] question" of whether a defendant would have accepted the rejected plea. *Lloyd,* supra, 258 Ga. at 648 (2) (b).

*Judgment affirmed. Barnes, C. J., and Miller, J., concur.*

DECIDED JANUARY 29, 2008.

*Sonya Chachere-Compton,* for appellant.
*David McDade, District Attorney,* for appellee.