## A09A2347. JOHNSON v. THE STATE.
(687 SE2d 663)

MIKELL, Judge.

Following a jury trial in the Superior Court of Muscogee County, Jessie J. Johnson was convicted of armed robbery, aggravated assault, and burglary, pursuant to an indictment which included a recidivist count. Because this was his second conviction for armed robbery, he was sentenced to life without parole on the armed robbery count.[1] On each of the aggravated assault and burglary counts, he was sentenced to 20 years to serve in confinement, the sentences to run concurrently with each other and consecutively to the sentence for armed robbery. Johnson filed, and later amended, a motion for new trial, contending that his trial counsel rendered ineffective assistance by failing to inform him of the possible consequences of his rejection of the state's plea offer. The motion was denied, after an evidentiary hearing at which both Johnson and his trial counsel testified. Johnson appeals, and for the reasons that follow, we affirm.

Viewing the evidence in the light most favorable to the verdict,[2] the record shows that late in the evening of May 8, 2003, Johnson broke into the home of 80-year-old Annie Mae Duncan, who lived alone; that he was armed with a large knife, which Duncan saw; and that he attacked Duncan, threatened to cut her throat, and robbed her of money and other items.

Johnson was tried before a jury on August 14, 2003. Duncan testified and identified Johnson as her attacker. The state introduced similar transaction evidence, showing that Johnson had been convicted of a 1982 armed robbery and of a 1991 robbery by force. Testifying in his own behalf, Johnson admitted that he broke into Duncan's home and robbed her, but he denied that he had a knife. The jury found Johnson guilty on all three counts of the indictment:

---

[1] See OCGA §§ 16-8-41 (a); 17-10-6.1 (a) (2); 17-10-7 (b).

[2] See *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004), citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

armed robbery, aggravated assault, and burglary.[3]

After his amended motion for new trial was denied, Johnson filed this appeal, contending that his counsel was ineffective, not at trial, but in the advice given concerning an offered plea bargain. As our Supreme Court has recognized, "the Sixth Amendment guarantees a criminal defendant's right to competent counsel performing to the standards of the legal profession in deciding whether or not to plead guilty."[4] In considering a claim of ineffective assistance of counsel, the two-part test of *Strickland v. Washington*[5] applies. First, "the defendant must show that counsel's representation fell below the objective standard of reasonableness."[6] In the context of counsel's advice concerning an offered plea bargain,

> [o]bjective professional standards dictate that a defendant, absent extenuating circumstances, is entitled to be told that an offer to plead guilty has been made and to be advised of the consequences of the choices confronting him. For counsel to do otherwise amounts to less than reasonably professional assistance.[7]

Second, the defendant must show prejudice, that is, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[8] In the context of advice concerning a rejected plea offer, "such prejudice can only be shown by some indication that the defendant was amenable to the offer made by the state."[9] In addressing a claim of ineffective assistance of counsel, a court is not required to consider the performance portion of the inquiry before the prejudice component, nor is the court even required to consider both components if the defendant has made an insufficient showing on one.[10] On appellate review of a trial court's ruling on a claim of ineffective assistance, we accept the trial court's findings of fact,

---

[3] Two other burglary counts were dead-docketed.

[4] (Footnote omitted.) *Cleveland v. State*, 285 Ga. 142, 144 (674 SE2d 289) (2009) ("*Cleveland I*").

[5] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[6] (Punctuation omitted.) *Lloyd v. State*, 258 Ga. 645, 647 (2) (373 SE2d 1) (1988), citing *Strickland*, supra at 688 (III) (A).

[7] (Footnote omitted.) *Lloyd*, supra at 648 (2) (a).

[8] (Punctuation omitted.) *Miller v. State*, 285 Ga. 285, 286 (676 SE2d 173) (2009), citing *Strickland*, supra at 694 (III) (B).

[9] *Lloyd*, supra at 648 (2) (b). Accord *Cleveland I*, supra at 145-146; *Port v. State*, 295 Ga. App. 109, 113 (2) (b) (671 SE2d 200) (2008); *Carson v. State*, 264 Ga. App. 763, 765 (592 SE2d 161) (2003) (whole court).

[10] *Lajara v. State*, 263 Ga. 438, 440 (3) (435 SE2d 600) (1993). Accord *Spencer v. State*, 296

unless they are clearly erroneous; however, we review the trial court's legal conclusions de novo.[11]

In the case before us, the record reflects that Johnson was arrested on May 9, 2003. The public defender's office was appointed as his counsel on May 30. Johnson's trial counsel, Mark Casto, an attorney with several years of experience handling criminal cases with the district attorney's office, was assigned Johnson's case after he started working part-time with the public defender's office on July 1, 2003. At the new trial hearing, Casto testified that Johnson's prior counsel, Derrell Dowdell, also an attorney with the public defender's office, informed Casto that the state had made a plea offer of 25 years to serve, based on Johnson's pleading guilty to all charges except the armed robbery charge, but that Johnson rejected the offer because he wanted to plead not guilty and go to trial. At docket call on August 1, another attorney from the public defender's office, Jim Messner, entered a not guilty plea on Johnson's behalf; Casto was not present due to ongoing health problems. Between the August 1 docket call and the August 14 trial, Casto met with Johnson three times. Casto advised Johnson of the plea bargain offer, but Johnson did not want to accept it. Instead, Johnson gave Casto the names of two alibi witnesses. Casto attempted to find the alibi witnesses, but one would not support an alibi defense, and the other witness could not be located.

On the Tuesday before the trial, Casto informed Johnson that he would be sentenced to life without parole upon a second conviction for armed robbery. There is no evidence in the record that Johnson had been advised of this mandatory sentence prior to this time. Although Johnson was "shocked," he still did not want to accept the state's plea offer; instead, he asked Casto to propose a counter-offer of twenty years, to serve ten. Johnson made the counter-offer immediately by telephone to Michele Ivey, counsel for the state, who rejected it. About five minutes later, Johnson decided to accept the original offer of twenty-five to serve. Casto called Ivey back and told her that Johnson wanted to accept the original offer, but Ivey stated that the original offer was withdrawn. Ivey stated at the new trial hearing that the standing policy of the district attorney's office was to hold an offer open until docket call. Because Johnson's counsel had answered not guilty at docket call on August 1, the offer had already been withdrawn. Johnson testified at the new trial hearing that it was only after the state had rejected a plea bargain of "20 do 10" that he decided to accept the state's offer of 25 years to serve.

Ga. App. 828, 831-832 (2) (676 SE2d 274) (2009).
  [11] *Timmreck v. State*, 285 Ga. 39, 42 (3) (673 SE2d 198) (2009).

Johnson contends that his counsel's advice was deficient, because he did not know of the mandatory sentence he faced until after the more favorable plea offer was withdrawn by reason of his not guilty plea at the docket call. Johnson's complaint is that because of counsel's deficient advice, he went to trial instead of accepting the state's offer and pleading guilty. Even if counsel's failure to advise Johnson earlier of the mandatory sentence facing him constituted deficient performance,[12] however, Johnson has not shown prejudice. In this context, "the proper question at the prejudice step is whether [Johnson] demonstrated that, but for counsel's deficient performance, there is a reasonable probability that he would have accepted the [s]tate's plea offer."[13] The record reflects, however, that even after Johnson was informed of the mandatory sentence, he still rejected the state's offer and counter-offered with a lesser sentence. "This evidence supports a finding, implicit in the trial court's ruling, that there was no reasonable probability that [Johnson] would have pled guilty but for counsel's ineffectiveness."[14] Thus, the trial court did not err in rejecting Johnson's claim of ineffective assistance of counsel.[15]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED DECEMBER 3, 2009 — ▉▉▉▉▉▉▉▉▉▉

*Michael E. Garner*, for appellant.
*Julia F. Slater, District Attorney, Michele C. Ivey, Michael E. Craig, Assistant District Attorneys*, for appellee.

---

[12] Cf. *Whitehead v. State*, 211 Ga. App. 121, 123 (438 SE2d 128) (1993) (counsel's performance was not deficient, where defendant elected to proceed to trial after he was advised that a life sentence was a possibility, even though defendant was not advised that a life sentence was mandatory).

[13] (Footnote omitted.) *Cleveland I*, supra at 145.

[14] (Citations and punctuation omitted.) *Cleveland v. State*, 290 Ga. App. 835, 839 (2) (660 SE2d 777) (2008), aff'd, *Cleveland I*, supra. Accord *Larochelle v. State*, 231 Ga. App. 736, 739 (4) (499 SE2d 371) (1998).

[15] See *Larochelle*, supra.