MCFADDEN, Judge,
concurring specially.
I agree that Crystal Wiley has not shown that she received ineffective assistance of counsel, but I would decide the appeal on her failure to show prejudice instead of reaching the issue of whether trial counsel’s performance was deficient. See Hendrix v. State, 298 Ga. 60, 61-62 (2) (779 SE2d 322) (2015) (where defendant fails to satisfy either the “deficient performance” or the “prejudice” prong of the test for ineffective assistance set forth in Strickland v. Washington, 466 U. S. 668, 695 (104 SCt 2052, 80 LE2d 674) (1984), the reviewing court need not examine the other prong).
This appeal arises from Wiley’s regret at having turned down a plea offer. She argues that she received ineffective assistance of counsel because her trial counsel “fail[ed] to give his professional input as to the acceptance or rejection of the proposed plea.” The majority rejects that argument, and the record supports a finding that trial counsel exhibited a high level of diligence in assisting with what appears to have been an agonizing decision, given that the plea offer reflected a substantial possibility of acquittal. But the record also undisputedly reflects that trial counsel did not offer Wiley his bottom-line opinion as to whether or not she should accept the plea offer.
The majority holds that trial counsel’s decision not to offer a bottom-line opinion was a reasonable exercise of his professional judgment, and I find that analysis persuasive. But I do not concur in the analysis because it does not address one of Wiley’s primary arguments — the implications of the following language from our Supreme Court’s decision in Cleveland v. State, 285 Ga. 142 (674 SE2d 289) (2009):
The Supreme Court [of the United States] held over sixty years ago that “(p)rior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings and laws involved and then to offer his informed opinion as to what plea should be entered.”
*646 Id. at 144 (emphasis supplied), citing Von Moltke v. Gillies, 332 U. S. 708, 721 (68 SCt 316, 92 LE 309) (1948) (plurality opinion). (In her brief Wiley improperly attributes this language to Lloyd v. State, 258 Ga. 645 (373 SE2d 1) (1988), a decision that does not contain the language but that is discussed by our Supreme Court in Cleveland, supra.)
Although it seems unlikely that either the Supreme Court of the United States or our Supreme Court intended the result for which Wiley advocates here, the language those courts used does, at least at first blush, suggest that trial counsel must give a bottom-line opinion in advising a defendant on a plea deal. Nevertheless, Wiley has pointed to no authority applying the above language in such a manner, and I am aware of none.
Under these circumstances, I believe the better approach is to assume without deciding that Wiley has shown deficient performance and to instead resolve this case on the prejudice prong. Where, as here,
the defendant’s complaint is that [she] went to trial instead of pleading guilty because of counsel’s deficient representation . . . the proper question ... is whether [she] demonstrated that, but for counsel’s deficient performance, there is a reasonable probability that [she] would have accepted the [s]tate’s plea offer.
Cleveland, supra, 285 Ga. at 145 (citations omitted). Wiley offered no evidence whatsoever that there was a reasonable probability that she would have accepted the plea offer had her trial counsel given his bottom-line opinion about whether or not to accept it. Wiley did testify at the hearing on her motion for new trial that there was a reasonable probability she would have accepted the plea offer had her trial counsel specifically opined that certain evidence might be excluded, that her motion to dismiss certain charges might not be successful, or that there was a significant chance she might be convicted. She also testified that, had her trial counsel “spent more time with [her] discussing the different aspects of the plea and the evidence and the law” that there was a reasonable probability she would have accepted the offer. Her testimony, however, did not speak to the issue of her trial counsel’s failure to give a bottom-line opinion on whether or not she should plead. Moreover, the trial court expressly found these post-trial assertions not to be credible, and Wiley’s credibility on this point was a matter for the trial court to decide. See id. at 147.
Accordingly, the record supports the trial court’s finding that Wiley failed to demonstrate the prejudice required for her claim of *647 ineffective assistance of trial counsel, and for that reason I concur in affirming the trial court’s judgment.
Decided February 24, 2016 —
Reconsideration denied April 7, 2016.
George H. Law III, for appellant.
J. Bradley Smith, District Attorney, Samuel E. Skelton, Assistant District Attorney, for appellee.